Howard D. Arterburn

*v.*

State of Tennessee.

(*Nashville,* December Term, 1960.)

Opinion filed March 10, 1961.

HAROLD R. RATCLIFF, HOWARD R. PAUL, Memphis, for appellant.

WALKER T. TIPTON, Assistant Attorney General, for appellee.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

The defendant below was convicted of subornation of perjury and sentenced to 11 months and 29 days in the Shelby County Penal Farm, and he has appealed here.

On March 6, 1959, an automobile owned by the defendant was involved in an accident with a taxi cab owned by the Littlejohn Taxi Company, at the corner of Wilson and Ethelyn Streets in the City of Memphis. When the officers arrived they found the defendant standing by his car in a state of intoxication. The defendant was suffering from minor cuts and bruises of the face and tongue. The officers interrogated the defendant as to who was the driver of the car. The defendant informed the investigating officer that he was both the owner and

the driver of the car and the officers placed the defendant under arrest for driving while intoxicated.

The defendant was then taken from the scene of the accident to the Bureau of Identification of the Memphis Police Department, where he was questioned by Lt. Price. During the course of this interrogation the defendant again admitted being the driver of the vehicle.

On March 18, 1959, the defendant appeared before Judge Ingram of the City Court, and during the trial one Leland Curtis Riales testified on behalf of the defendant. The said Riales testified that he was the driver of the car on March 6, 1959, when the aforementioned accident occurred, and that he became frightened and left the scene of the accident. Judge Ingram questioned the witness, Riales, very closely as to the consequences of his statement but the witness insisted upon sticking to his story. Judge Ingram bound the witness Riales over to the grand jury on a charge of leaving the scene of an accident and fined the defendant $20 for public drunkenness.

Riales was taken into custody immediately after the traffic hearing before Judge Ingram and removed to a squad room of the Police Department, at which time Riales informed the police that he desired to go before Judge Ingram again and change his story. He was brought before the City Judge again and he stated that his testimony in the traffic proceeding was not true. He stated that he had been induced by the defendant with promises of a trip to California and money to perjure himself. Based upon this occurrence, the defendant was indicted and tried for subornation of perjury.

In the trial it was shown by the State that Riales spent the entire evening of March 6, 1959, with one Dan

Beacroft. The said Beacroft testified that he and Riales were in a movie from approximately 7:00 p.m. to 11:00 p.m. After the movie, they went directly home and Riales spent the night with Beacroft.

It is further shown by witness Beacroft that on a later date after the accident, and prior to the traffic hearing, he drove the defendant and Riales to an intersection, near where the accident had occurred. When they arrived at this intersection the defendant Riales left the witness Beacroft in the truck which he was driving and began to survey the area. After a discussion between the defendant and Riales, which Beacroft states that he could not hear, the defendant and Riales got back in the truck and asked him to drive them to a garage located in South Memphis. When they arrived at the garage, the defendant and Riales got out of the truck and started to examine the wrecked taxi cab. He further testified that he heard defendant and Riales talking about a trip to California.

Riales testified that defendant had promised him a trip to California and other promises if he would testify at the traffic hearing that he was the driver of the defendant's car.

From the above evidence the defendant was guilty of the crime charged.

From the above we cannot say that the evidence preponderates against the verdict of the jury and in favor of the innocence of the defendant.

Sometimes in cases of this kind it is difficult to secure corroboration, but by the testimony of Beacroft that he drove the defendant and Riales to observe the intersec-

tion and the damaged taxi cab is very strong corroboration of the suborned's version of this occurrence.

■ The defendant contends that the trial judge failed to give a charge on the question of corroboration even though he did not specifically request such a charge. The crime of subornation of perjury is comprised of two distinct parts, one being the procuring or inducing of another to perjure himself and secondly, the person so procured must testify falsely under oath to a material matter. However, we think there is sufficient corroboration in the present case.

■ We do not think the trial judge can be put in error in not instructing the jury on the matter of corroboration when the defendant in this case has made no request for such a charge. The defendant relies on our recent case of *Bishop v. State,* 199 Tenn. 428, 287 S.W.2d 49. However, this Court is unwilling to extend the rule laid in *Bishop v. State,* supra, and that a failure to charge on the question of corroboration does not come within the Bishop case holding that with fundamentals must be charged without a special request. His failure to tender requested instructions at the proper time has been foreclosed. Section 40-2517 T.C.A.

■ It is next contended that the trial judge failed to charge on circumstantial evidence. The defendant made no special request upon this subject and the trial judge cannot be held in error for his failure to charge on circumstantial evidence when the case is not based solely on circumstantial evidence in the absence of a special request. *Wooten v. State,* 203 Tenn. 473, 314 S.W.2d 1.

■ The defendant next complains that the verdict is void because an unauthorized person was allowed to enter

the jury deliberation room before the jury returned their verdict. This matter is not properly before the Court, and the defendant undertakes to establish by the affidavits of his counsel that a colored man carrying coffee and sandwiches was allowed to enter the jury deliberation room and remain there for approximately fifteen minutes. These affidavits can only be treated as exhibits to defendant's motion for a new trial. This type of occurrence must be properly incorporated in the bill of exceptions. *Sherman v. State*, 125 Tenn. 19, 140 S.W. 209.

This matter is not properly incorporated in the bill of exceptions and therefore cannot be considered by us.

We have considered all assignments of error, find them without merit and the judgment of the lower court is affirmed.