OSCAR C. PROCK and JAMES R. SMITH, Plaintiffs in Error, v. STATE OF TENNESSEE, Defendant in Error.

455 S.W.2d 658.

Court of Criminal Appeals of Tennessee. Dec. 9, 1969.

Rehearing Denied Jan. 15, 1970.

Certiorari Denied by Supreme Court June 15, 1970.

658

James S. Patrick, Jr., Nashville, for plaintiffs in error.

George F. McCanless, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Whit LaFon, Dist. Atty. Gen., Jackson, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The defendants below, Oscar C. Prock and James R. Smith, were convicted of burglary in the third degree and sentenced to three to five years in the penitentiary.

At about 5:30 A.M., Sunday, May 28, 1967, two officers in a patrol car noticed a 1961 blue Buick automobile with white top backed to the front door of the Jolly Charlie Restaurant in Jackson. Two men were standing nearby.. The restaurant door had been broken

open and a safe containing about $150 was on the ground; the car trunk was open.

When the officers turned in to the restaurant, these men drove off hurriedly with the trunk still open. A third man was also in the Buick. The officers followed at speeds up to 115 miles per hour and were in sight of the Buick most of the time. On a blacktop road about sixteen miles from Jackson, the driver of the Buick lost control and the car ran off the road, crossed a ditch and stopped on a bank. The men in it fled on foot.

At the time of the wreck, the officers were around a curve out of its sight, but they arrived within a few seconds while the motor was still running. In the open trunk, they saw a sledge hammer, a crow bar and other tools identified at the trial as burglary tools. The car had Davidson County license plates.

The officers sent for bloodhounds from Fort Pillow State Penal Farm and these dogs followed a trail through the Forked Deer River bottom lands. Officers also had the wrecked automobile towed into Jackson.

At about 10:00 P.M. the defendants, wet and muddy, arrived at the home of Edward Van Story in Crockett County and asked him to take them to Jackson to catch a bus for Nashville. Van Story lived in the vicinity of the wreck and near the place where the officers with dogs had searched for the burglars. He knew of the search and suspected these men of being involved in the burglary. He agreed to take them to Bells to get a taxicab. On the way there, the defendants told him they were from Nashville, asked about cotton and told him that

tobacco was raised in their section. They also said their car had broken down about six miles away.

At Bells, Van Story got two companions to go with him and the five drove to Alamo. There Van Story left the defendants at the home of a cab driver and reported the incident to the Crockett County sheriff, who had the cab driver bring the defendants to the jail. The sheriff then arrested them for suspicion of burglary.

Before being searched, the defendants asked and were given permission to use the washroom at the jail. After they left this room, the sheriff found two pistols there. The defendants were each charged in Crockett County with carrying a pistol. After a hearing in Alamo on the pistol charge the following day, they were taken to the Madison County jail. In Alamo officers warned them of their constitutional rights and each declined to make any statement. Prock called his attorney and Smith said that Prock's attorney would also represent him.

Both defendants were released on bail. Smith claimed the automobile and the officers released it to him after taking his receipt.

Neither defendant testified nor offered any proof at the trial. They first say that the evidence is not sufficient to sustain their convictions. In considering and passing on these assignments, this court is bound by the rule that a conviction in a criminal case will not be reversed on the facts unless it is shown by the defendants that the evidence preponderates against the verdict and in favor of their innocence. Schweizer v. State, 217 Tenn. 569, 399 S.W.2d 743; Bolin v. State, 219 Tenn. 4, 405 S.W.2d 768. The defendants have not overcome

the presumption of guilt raised by the verdict against them.

■ The defendants question the admissibility of the burglary tools found in the car after they fled from it. They first say that it was error to permit these tools to be seen by the jury before they were introduced into evidence. Since the trial judge later ruled them admissible, this was not prejudicial to the defendants.

■ The defendants say that they were also indicted for possessing burglary tools and, for that reason, the tools should not have been admitted into evidence in this case. They cite no authority for this contention and it is without merit.

■ ■ They challenge the admissibility of these tools because they were obtained without a search warrant. When the officers first saw the tools, the defendants had fled and had abandoned the automobile, leaving the trunk lid open. The tools were in plain sight. Later that day and while the defendants were hiding, an officer opened the trunk with the key left by the defendants. The trunk lid had been closed by someone after the defendants fled. We think this search at the police station was reasonable and did not violate any of the defendants' constitutional rights. The articles had already been seen at the wreck and there was no error in admitting them into evidence. The relevant test in determining the reasonableness of a warrantless search is not whether it was reasonable to procure a search warrant, but whether the search was reasonable. See Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967).

■ The defendants contend that evidence that they were arrested and charged with carrying pistols in Crockett County was prejudicial to them. The evidence admitted was that the pistols were found in the washroom after the defendants left it. Any evidence about the misdemeanor charge was brought out by the defense on cross-examination. This assignment is without merit.

■ The officers were unable to identify the defendants at the scene of the crime. The general description they gave at the trial was not prejudicial. A comparison of the size of an officer with that of Prock was made by defense counsel and not by the court. Prock stood up at the request of his own attorney.

■ An officer referred to the tools found as burglary tools. The door to the restaurant had been forced open with some tool. There was no error in referring to the crow bar, sledge hammer and other instruments as burglary tools.

■ During a recess, Van Story and an officer went together to determine the location of a bridge and later testified about it. The defendants contend that this violated the rule of exclusion and separation of witnesses. We think the trial judge did not err in permitting these witnesses to retake the stand and testify about the location of this bridge.

■ The defendants claim a severance should have been granted. They made no motion for it, and there is no merit in this assignment. A trial judge cannot be put in error for a joint trial when there is no motion for a

severance and no showing of denial of a fair trial. Sneed v. State, 221 Tenn. 6, 423 S.W.2d 857.

The defendants say the court erred in allowing an officer to testify about a statement made by Smith when Prock was not present. They rely on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476.

Neither defendant confessed to the crime nor implicated the other. After *Miranda* warnings in Jackson, each defendant separately told the officers they came to Jackson together. At a hearing outside the presence of the jury, the trial judge held admissible a statement by Smith to an officer that the defendants had been drinking in Nashville and met some girls from the vicinity of Jackson; that he (Smith) was drunk and they came there; that he did not know how his car got to Jackson. The court held the statement admissible as to Smith but not as to Prock. When the testimony was introduced before the jury, the defendants did not object.

Both had already told Van Story that they came together from Nashville. They also told him that they had car trouble. Smith claimed ownership of the car and asked its return to him. There was no question about their coming together from Nashville and being together near Jackson in Smith's car on the day of the burglary. The testimony to the officers that they came to Jackson together was merely cumulative. We do not think this testimony violates *Bruton* but in any event the proof on this question is so overwhelming we conclude that any violation of *Bruton* would be harmless beyond a reason-

able doubt. See Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

All assignments are overruled, and the judgment of the lower court is affirmed.

This case was heard and submitted to the Court prior to the enactment of Chapter 330 of the Public Acts of 1969 increasing the membership of the Court.

OLIVER and GALBREATH, JJ., concur.

## OPINION ON PETITION TO REHEAR

WALKER, Presiding Judge.

The petitioners have filed a petition to rehear and also a motion for diminution of the record which motion they say will show that they moved for a severance at their trial. Suggestions for diminution of record shall be made before the case is called for trial, so that the record may be perfected for the hearing, or the imperfection will be waived. Rule 9 of the Supreme Court and of this court.

All the issues discussed in the petition to rehear were fully dealt with in the original opinion of the court, to which we adhere.

The petition to rehear is denied.

OLIVER and GALBREATH, JJ., concur.