**Will ECHOLS, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Sept. 13, 1974.

Certiorari Denied by Supreme Court
Nov. 18, 1974.

Edward G. Thompson, Walker Gwinn, Asst. Public Defender, Hugh Stanton, Jr., Memphis, for plaintiff in error.

Milton P. Rice, Atty. Gen., R. Jackson Rose, Asst. Atty. Gen., Nashville, Wayne Emmons, Asst. Atty. Gen., Memphis, for defendant in error.

## OPINION

MITCHELL, Judge.

Will Echols, the defendant, indigent and represented, in the trial court and here, by appointed counsel has appealed his October 4, 1973 conviction of armed robbery and an eighteen year sentence in the penitentiary from the Criminal Court of Shelby County, Tennessee.

According to the State's proof, which was accepted by the jury, on February 5, 1973, Mrs. Lillian Nichols and Mrs. Mable Terry, employees, were on duty at the 7-Eleven store at 1680 Jackson, Memphis, Tennessee. About 4:20 P.M. a black man entered the store armed with a pistol drawn on the two women, and announced that it was a holdup and demanded and took from them $156.91 and then compelled them to go to the back room.

Mrs. Lillian Nichols positively identified the defendant Will Echols as the robber who with a drawn pistol forcibly took the money from them. Mrs. Mable Terry had moved away to another state and was not available as a witness.

Two days after the robbery, Mrs. Nichols identified the defendant in a line-up, as the man who robbed them.

The defendant was seen leaving the scene of the robbery in a two-tone brown Ford Torino, a description of which was reported to the police.

On the day following the robbery Sergeant William R. Williams of Memphis Police Department received a report about the robbery giving the description and the license number of the robbery car and was instructed to be on the lookout for it. Later that afternoon Sergeant Williams saw the car in question driven by the defendant Echols. Robert Earl Jackson who was a cousin and a close associate and friend of Echols was a passenger in the car at the time. Sergeant Williams arrested Echols and Jackson and found on Robert Earl Jackson a .22 caliber chrome plated pistol fully loaded.

The defendant Echols took the witness stand and testified in his own defense. He denied any participation in the robbery. He said he was not the one that robbed Mrs. Nichols and testified that he spent the entire day and evening of February 5, 1973 at the house of Robert Earl Jackson. That he had never owned or carried a pistol. That Robert Jackson owned the automobile in which they were arrested and he did not know Jackson had the pistol.

On cross-examination the defendant testified Robert Earl Jackson was there with him all day. That he did not know whether Robert Jackson was going to be there to testify for him. The defendant testified the last time he saw Robert Jackson he was in the Shelby County jail. That he had never been in the store in question and had not held up any one.

Waymon Jackson testified in support of the defendant's alibi that he and his brother Robert Earl Jackson were living together at the time of the robbery. That he got home from work at 3:15 P.M. and the defendant did not use the automobile at all during that day. Waymon Jackson was asked if his brother and his cousin left at all during that time and he answered, "Not as I remember."

## ASSIGNMENTS OF ERROR

The defendant's first three assignments of error are that there is no evidence to support the verdict of the jury; that the verdict is contrary to the law and the evidence; and that the evidence preponderates against the verdict of the jury.

These three assignments challenge the sufficiency of the evidence and will be considered together. When tested by the rule governing appellate review laid down in Cooper v. State, 123 Tenn. 37, 138 S.W. 826 and in Webster v. State, 1 Tenn.Cr. App. 1, 425 S.W.2d 799, and cases cited therein, we find these three assignments are without merit.

We find that there is abundant evidence to support the verdict and that the verdict is not contrary to the law and the evidence and that the evidence does not preponderate against the verdict of the jury.

A victim of the robbery, Mrs. Lillian Nichols, positively identified the defendant as the man who committed the robbery at the 7-Eleven store. She observed him closely under good light while he had the pistol drawn on her and took the money, after which he forced her and the other clerk to go to the back room.

The jury as the triers of the facts rejected the defendant's alibi and accepted the testimony of the State's witnesses.

The defendant has failed to carry the burden of showing that the evidence preponderates against his guilt and in favor of his innocence. Gann v. State, 214 Tenn. 711, 383 S.W.2d 32.

Assignments of error 4 and 8 are concerned with the same pistol and will be considered together. In the fourth assignment the defendant contends the court erred in allowing the State's witness Mrs. Nichols to identify the pistol allegedly used in the robbery prior to a hearing to suppress the pistol. Assignment 8 complains that the court erred in admitting into evidence, over objection of the defendant, the pistol taken from his cousin Robert Earl Jackson who was in the car with the defendant at the time Jackson and the defendant were arrested.

The trial judge conducted a hearing out of the presence of the jury to determine the legality of the arrest and search. The arresting officer testified he received a broadcast about the armed robbery at the 7-Eleven store and to be on the lookout for a 1973 two-tone brown car giving the license number. Within a few minutes the officer sighted the automobile which had been described in the broadcast. The defendant was driving the car in question and Robert Earl Jackson a cousin of the defendant was a passenger in the car. The pistol in question fully loaded was found on the person of Robert Earl Jackson.

Under these facts the trial judge found that the officer had probable cause for believing that the occupants of the car in question had committed a felony, and that the arrest and search of the defendant and Robert Earl Jackson was legal and did not violate the constitutional rights of the defendant. The finding of the trial judge will not be disturbed unless the evidence preponderates against it and we find it does not. See Bratton v. State, Tenn.Cr. App., 477 S.W.2d 754.

Since the trial judge held the arrest and search were valid we find no reversible error was committed by allowing the district attorney to exhibit the pistol to Mrs. Nichols for identification prior to the hearing to suppress the pistol evidence. We find the defendant was not prejudiced by this action.

See Prock v. State, 2 Tenn.Cr.App. 657, 455 S.W.2d 658.

The defendant and his cousin, Robert Earl Jackson, when arrested were found together in the automobile which was seen leaving the store just after the robbery was committed. The pistol which had been used in the robbery was found on the person of Robert Earl Jackson. Therefore, we hold no error was committed in allowing the pistol to be admitted in evidence.

The fifth, sixth, and ninth assignments of error complain that the victim, Mrs. Nichols, was allowed to bolster her testimony by testifying that she had pre-

viously identified the defendant in a line-up, and by introducing a line-up card showing the position of the defendant in the line-up.

We are unable to find any merit in these three assignments. In Blankenship v. State, 1 Tenn.Cr.App. 178, 432 S.W.2d 679 in affirming a conviction for armed robbery, the following language was used:

"We hold that the testimony of the prosecuting witness, concerning his previous identification of the defendant, was competent."

In Gilbert v. State of California, 388 U. S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, footnote 3, the United States Supreme Court said:

"There is a split among the States concerning the admissibility of prior extra-judicial identifications, as independent evidence of identity, both by the witness and third parties present at the prior identification. See 71 A.L.R.2d 449. It has been held that the prior identification is hearsay, and, when admitted through the testimony of the identifier, is merely a prior consistent statement. The recent trend, however, is to admit the prior identification under the exception that admits as substantive evidence a prior communication by a witness who is available for cross-examination at trial. See 5 A.L.R.2d Later Case Service 1225–1228. That is the California rule. In People v. Gould, 54 Cal.2d 621, 626, 7 Cal.Rptr. 273, 275, 354 P.2d 865, 867, the Court said:

'Evidence of an extra-judicial identification is admissible, not only to corroborate an identification made at the trial (People v. Slobodion, 31 Cal.2d 555, 560, 191 P.2d 1), but as independent evidence of identity. Unlike other testimony that cannot be corroborated by proof of prior consistent statements unless it is first impeached * * * evidence of an extra-judicial identification is admitted regardless of whether the testimonial iden-

tification is impeached, because the earlier identification has greater probative value than an identification made in the courtroom after the suggestions of others and the circumstances of the trial may have intervened to create a fancied recognition in the witness' mind. * * * The failure of the witness to repeat the extra-judicial identification in court does not destroy its probative value, for such failure may be explained by loss of memory or other circumstances. The extra-judicial identification tends to connect the defendant with the crime, and the principal danger of admitting hearsay evidence is not present since the witness is available at trial for cross-examination.' "

Of course, Mrs. Nichols was subjected to cross-examination.

In the seventh assignment of error the defendant contends the district attorney was allowed to comment on the evidence when the witness pointed out the defendant and the district attorney asked the court, "May the record reflect that she has identified the defendant, Will Echols."

We are unable to agree with this contention. The witness in the presence of the court and the jury had identified the defendant as the robber and pointed him out and said, "he's sitting right there."

Of course, every one present at the trial including the defendant, the trial judge, the jurors and the lawyers could and did see the witness point out and identify the defendant but the bill of exceptions would not show who was pointed out and identified unless some competent authority instructed the court reporter to show in the bill of exceptions who was identified or pointed out by the witness. It was therefore necessary for the trial judge to let the record show the identification made by the witness.

We do not think the district attorney nor the trial judge were commenting on the evidence when the trial judge at the request

of the district attorney, said, "the record my reflect the identification of the witness." We find the statements of the district attorney and the trial judge were not prejudicial to the defendant. There was nothing to indicate any opinion on the credibility of the testimony or the weight to be given it.

■ In the tenth assignment of error the defendant complains that the court allowed the district attorney to question the defendant about conversations held with his attorney. The defendant in his alibi had testified that he was with Robert Earl Jackson at the time of the robbery. This is the same Robert Earl Jackson who was arrested in the get-a-way car with the defendant and who was at the time of the arrest armed with the fully loaded pistol which was used in the robbery.

So whether Robert Earl Jackson was to be used as a witness for the defendant or not and the whereabouts of the witness who might testify in behalf of the defendant's alibi became a material question.

The defendant had testified Robert Earl Jackson was there with him all day. The district attorney was permitted to ask the defendant whether Jackson was going to be present to testify and the defendant answered that he did not know. The district attorney then asked the defendant whether he had asked his lawyer to get him there to testify. The district attorney also asked the defendant if he knew where Robert Earl Jackson was at that time.

We think the learned trial judge properly ruled that since Robert Jackson was an alibi witness it was proper to inquire about him. The district attorney asked, "Do you know where Robert Earl Jackson is right now?" the defendant answered that he had not seen Jackson for three or four months but the last time he saw him he was in the Shelby County Jail.

We think the inquiry concerning Robert Earl Jackson made by the district attorney was legitimate and that it did not invade the attorney and client privilege and that there was no abuse of discretion on the part of the trial judge.

■ There is no merit in the defendant's final assignment that the trial court erred in failing to charge the law of circumstantial evidence. This assignment is not supported by any brief or citation of authorities. Moreover this was not a circumstantial evidence case. There was positive eye witness testimony concerning the robbery. The defendant failed to tender a special request for a charge on circumstantial evidence. In Arterburn v. State, 208 Tenn. 141, 344 S.W.2d 362, the Court said:

> It is next contended that the trial judge failed to charge on circumstantial evidence. The defendant made no special request upon this subject and the trial judge cannot be held in error for his failure to charge on circumstantial evidence when the case is not based solely on circumstantial evidence in the absence of a special request. Wooten v. State, 203 Tenn. 473, 314 S.W.2d 1.

See also Monts v. State, 214 Tenn. 171, 379 S.W.2d 34.

The assignments of error are overruled and the judgment is affirmed.

We are grateful to court appointed counsel for useful service rendered in representation of the defendant.

GALBREATH and DWYER, JJ., concur.