**100**

Charles PENNINGTON, Jr.,
Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

May 21, 1976.

Certiorari Denied by Supreme Court
Aug. 23, 1976.

Jay Fred Friedman, Memphis, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., Robert H. Roberts, Advocate Gen., Nashville, Arthur T. Bennett, Asst. Dist. Atty. Gen., Memphis, for defendant-in-error.

## OPINION

DWYER, Judge.

The state moves to affirm on the technical record the conviction in the trial court for the offense of rape with punishment of confinement for thirty years. The plaintiff-in-error in opposition urges the court that pursuant to the mandates of *Dennis v. State,* 137 Tenn. 543, 195 S.W. 162 (1917), that no one other than the trial judge who heard the trial can certify and authenticate a bill of exceptions.

The technical record reflects that the motion for new trial was overruled on July 18, 1975, with thirty days allowed for perfection of the appeal and that an additional sixty days was allowed plaintiff-in-error by the trial court on August 18, 1975.

The plaintiff-in-error in his answer to the state's motion to affirm relates that the trial court resigned his office in the middle of August and consequently was unavailable for the authentication of the bill of exceptions. In an affidavit by counsel attached to his answer to the motion the following language may be found:

"I, Jay Fred Friedman, being one of the attorneys who represented the Defendant at trial hereby make oath in due form according to law, that the facts and statements contained herein are true and correct according to the best of my knowledge, information and belief.

"1. That the order overruling the Motion for New Trial and granting an appeal was filed, and mailed to counsel, just immediately prior to the resignation of the Honorable W. Otis Higgs, Jr., Judge of Division IV. of the Criminal Court of Shelby County, Tennessee from that office.

"2. That the resignation of Judge Higgs from the bench occurred around the first to the middle of August, 1975.

"3. That there was a vacancy in that Court for approximately thirty (30) days prior to the appointment of the Honorable H. T. Lockard to that same office formerly held by Judge Higgs.

"4. That according to counsel's best understanding of the law that a trial transcript must be authenticated by the Judge who heard the Trial. That a Judge who has resigned is no longer a Judge, and could accordingly not certify a

Bill of Exceptions, or perform any other judicial act. That pursuant to case law in this State the successor Judge would likewise be unable to certify a Bill of Exceptions since he did not hear the trial, and would be unable to comment on the accuracy of a Bill of Exceptions.

"FURTHER, AFFIANT SAYETH NOT."

In the state's reply brief the following language may be found:

"Apparently defense counsel has not bothered to check recent law on the subject. Section 27–110, Tennessee Code Annotated, now provides:

'Certificate as leave to file bill—Authentication—Death or inability of judge or chancellor.—The certificate of approval of the parties or the certificate of the court stenographer upon said bill of exceptions or wayside bill of exceptions shall be sufficient leave to file same, when filed within thirty (30) days after the order or action which occasioned its filing, or an extension thereof.

'The lodging of said bill of exceptions or wayside bill of exceptions with the clerk of the trial court within the time allowed, along with certification by the filing party showing notice of such filing to all other interested parties, shall complete the process of filing.

'Any party not certifying approval of said bill of exceptions, or wayside bill of exceptions prior to filing may, within ten (10) days of such filing, file with the clerk of the trial court written objections detailing wherein such party questions the accuracy and/or authenticity of the bill of exceptions, and the trial judge shall make such changes in the bill of exceptions or wayside bill of exceptions, if any, as the truth requires.

'The certificate of approval upon said bill of exceptions or wayside bill of exceptions by the trial judge or chancellor and the authentication of the exhibits by the trial judge or chancellor shall be affixed to the bill and the exhibits as soon as practicable after the filing thereof or after the expiration of the aforesaid ten (10) day period, as the case may be, and such action of the trial judge or chancellor shall comprise the requisite authentication.

'In the event of the death or inability to act of the trial judge or chancellor, the succeeding or replacement judge or chancellor of the court in which the case was tried shall perform the duties of the trial judge or chancellor as set out in this chapter.' "

The state then concludes therefore there is no reason advanced why the bill of exceptions could not have been filed. With this we agree.

The minutes in the technical record disclose the Honorable H. T. Lockard presiding in Division IV of the Criminal Court of Shelby County on September 15, 1975, the first day of the September term of 1975. Under the above quoted provision, the plaintiff-in-error could have filed the bill of exceptions with the clerk within thirty days of the denial of his motion for new trial or within the extension time with the state having ten days to except. If the original trial judge was inaccessible, his successor could have authenticated the bill of exceptions.

Additionally, we think if the Honorable Otis Higgs was campaigning for the office of Mayor of the City of Memphis his whereabouts for the authentication of the bill of exceptions could have been ascertained within the time allowed, inasmuch as his authority to authenticate the bill extended sixty days beyond his resignation. T.C.A. 17–116.

We have examined the technical record. Finding no error therein we affirm the judgment of the trial court.

O'BRIEN and DAUGHTREY, JJ., concur.