James R. BURNETT *v.* STATE of Arkansas

CR 77-222                                    564 S.W. 2d 211

Opinion delivered April 3, 1978
(Division I)
[Rehearing denied May 8, 1978.]

*Nabors Shaw,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. James R. Burnett was convicted of possession of marijuana with intent to deliver and sentenced by the Pope County Circuit Court to a term of imprisonment in the Arkansas penitentiary.

On appeal Burnett argues that the court improperly admitted evidence obtained from a search of Burnett's residence. There was no motion filed to quash the search warrant nor to suppress the evidence until the trial had commenced. Burnett concedes the motion was untimely filed but argues on appeal that this motion was not overruled because of untimeliness.

The Arkansas Rules of Criminal Procedure state that motions to suppress shall be filed not later than ten days

before the trial date except when the court, for good cause, entertains the motion at a later time. Rule 16.2(b), Rules of Crim. Proc. (Repl. 1977). No evidence of cause for the late filing was offered by the appellant.

The trial judge did permit Burnett to question the search. However, after reading into the record the first page of a motion filed to quash the search warrant and suppress the evidence, the court stated:

> Motion to suppress is denied. Let the record reflect the motion to suppress was filed after the trial had already started.

Apparently, later during the trial, other written objections were filed to challenge the search and seizure.

When it was called to the court's attention that these more specific objections had been made by written motion, the court stated:

> . . . I will not permit it to be filed at this late hour. Motion is denied.

The fact that the trial court permitted the attorney for Burnett to question the sheriff and other witnesses regarding the search warrant and the affidavit does not mean that the court approved the untimely filing of the motion to suppress. We feel the record shows that the court ruled that the motion or motions, as the case may be, were ruled untimely.

We made a similar decision in *Parham v. State*, 262 Ark. 241, 555 S.W. 2d 943 (1977).

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HOWARD, JJ.