Charles PENNINGTON, Jr., Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

June 8, 1978.

Certiorari Denied by Supreme Court
Nov. 6, 1978.

Jerry A. Schatz, Memphis, for appellant.

Brooks McLemore, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Arthur T. Bennett and Kenneth R. Roach, Asst. Dist. Attys. Gen., Memphis, for appellee.

## OPINION

DWYER, Presiding Judge.

This delayed appeal is from a rape conviction with resulting punishment of confinement at thirty years. Appellant's appeal was affirmed on the technical record by this court on May 21, 1976, 542 S.W.2d 100. A pro se petition for habeas corpus was filed by the appellant in the trial court February 17, 1977 and amended by counsel on May 26, 1977. The trial court entered an order on

September 30, 1977, where the court found the appellant did not have proper assistance of counsel on appeal and granted, therefore, appellant a delayed appeal, T.C.A. 40–3820. The record is now before us with assignments of error contending the conviction was had contrary to the law.

With assignments attacking the sufficiency of the evidence, we will narrate that evidence as found from our review of this record.

The prosecutrix, Rubystine M. Garrett, was standing on McLemore Street in Memphis awaiting a bus to take her to the Draughon's Business College located at 253 Madison in that city around 7:40 a. m. on January 8, 1974. The appellant drove up in a black Cutlass and asked her if she would like to have a ride downtown and indicated the bus did not run downtown, whereupon she entered his car. When appellant deviated from the route to the business college, Ms. Garrett became frightened and scared; noticing this, the appellant pulled the car behind some apartments and stopped. At that time the appellant threatened her and indicated that he had a gun in his jacket pocket. He then drove her about the City of Memphis and finally parked at an apartment building where he ordered her out of the car. Holding her arm, the appellant guided her up a stairway and entered an apartment. There were three young children inside watching television. The appellant then ordered her back into a bedroom and locked the door. He then disrobed and ordered her to take her clothes off. He pushed her on the bed and committed cunnilingus on her person, then made her commit fellatio on him, and then he penetrated her with his penis. After these acts were consummated he ordered her to get dressed, they returned to the car and he drove her to the business college. When the prosecutrix entered the school she told two women employees of that school she had been raped. They promptly referred her to a Mr. Gray, the director of the school, whereupon she reiterated that she had been raped. This resulted in a prompt complaint forwarded to the police department.

An examination at the hospital failed to reflect any bruises or trauma on the prosecutrix or sperm in her vagina.

The police took a lengthy statement from her and then drove her about the city enabling her to relocate the apartment where the attack had occurred. When the police went in the apartment the appellant's wife was there and informed them that she would not permit any kind of search without a warrant. The police then returned to headquarters and the prosecutrix picked the appellant's picture out of a group of several photographs. The appellant surrendered to the police the following day, and at a lineup held that afternoon the prosecutrix identified the appellant as her assailant.

The appellant did not testify but did offer witnesses that related they saw appellant and the girl walking up the steps and nothing seemed out of the ordinary or unusual.

■ The evidence assignment: It is settled law that when the appellant attacks the sufficiency of the evidence he has the burden to show on appeal that it preponderates against his guilt and in favor of his innocence. *State v. Grace,* 493 S.W.2d 474 (Tenn.1973). It is appellant's assertion here that there were many discrepancies between the prosecutrix's statement at trial and her testimony given in the city court preliminary hearing. This, however, is tested under well settled rules that the jury resolves all conflicts and discrepancies in the witnesses' testimony. It is obvious by the verdict that the jury has believed the prosecutrix. *Edwards v. State,* 540 S.W.2d 641 (Tenn.1976). We see no reason to disturb this finding of the jury. The appellant has not carried his burden and shown that the evidence preponderates against his guilt and in favor of his innocence. This assignment of error is overruled.

Appellant alleges in the next two assignments that the court erred in not granting his motion to quash the indictment on the charge of crime against nature, T.C.A. 39–707, on the grounds that the statute was unconstitutionally vague. With the trial court granting his motion for a new trial on

this conviction the matter is not before the court. These assignments therefore have no merit and are overruled.

The appellant contends that the trial court erred in admitting over objection the fresh complaint of the prosecutrix to the employees of the Draughon's Business College and to the investigating police officers that she had been raped. While this evidence is hearsay, it is admissible as a recognized exception to the hearsay rule. *King v. State*, 210 Tenn. 150, 357 S.W.2d 42 (1962); *Conboy v. State*, 2 Tenn.Cr.App. 535, 455 S.W.2d 605 (1970). This assignment is accordingly overruled.

In his next assignment appellant contends that it was prejudicial error for the court to fail to instruct the jury that testimony offered by the witnesses Gray and Officer McCaleb was to be considered as corroborative and confirmatory of the testimony of the prosecutrix and was not to be received as substantive, independent testimony. Since this error was not in the motion for a new trial, it is thereby waived. *Hawkins v. State*, 543 S.W.2d 606 (Tenn.Cr. App.1976). The appellant contends this meagerness of the charge was plain error. We disagree. *Hancock v. State*, 1 Tenn.Cr. App. 116, 129, 430 S.W.2d 892, 898 (1968). In the absence of the request for additional instructions, there is no error. T.C.A. 40–2517; *Arterburn v. State*, 208 Tenn. 141, 344 S.W.2d 362 (1961).

Appellant assigns as error that the trial court's charge to the jury concerning the weight to be given the prompt complaints of the prosecutrix after the crime occurred, that is, that it may be looked to as corroborative and confirmatory of the prosecutrix, was not a correct statement of the law. We disagree. *King v. State*, supra. There is no merit in this assignment. It is overruled.

In another assignment to the charge appellant contends that the trial court erred in charging the law to the jury concerning how to receive evidence of other crimes. It is his contention that this unduly called attention to appellant not testifying and suggesting that the appellant had a prior record. This came about in the following manner at the trial. The State, in introducing appellant's photograph, that Ms. Moss identified at the police station on the event date, asked defense counsel if he would like to examine it before it was identified. Defense counsel declined this request and made a general objection to its admissibility. The trial court ruled that as to identification it was relevant, and therefore, admissible. At the jury-out hearing the trial court admonished counsel by informing him that he had the opportunity to view the photograph and to make a specific objection indicating why it was not competent. The State then informed the trial court that the identifying numbers on the photograph would be masked over. Subsequently, when objection was made to the charge on other crimes, the trial court reflected that in an abundance of caution he did not think the jury had ever seen the identifying numbers, but chose to charge the jury on other crimes in the event that there had been any undue suggestion by the masked-over numbers on the photographs. With no evidence in the record of any prior criminal activity of the appellant this gratuitous charge of the court, if error, was harmless. T.C.A. 27–117. This assignment is overruled.

He next assigns that it was error to admit the photograph, with the numbers being masked over. With the photograph being relevant as to her identifying the appellant on the event date and with no evidence that the jury ever saw the identifying numbers on the photograph, there is no error here. This assignment is overruled.

All assignments treated and found to be without merit and overruled, the judgment of the trial court is affirmed.

RUSSELL, J., and ARTHUR C. FAQUIN, Jr., Special Judge, concur.