**STATE of Tennessee, Appellee,**

v.

**Dean Edward FOOTE and Robert Lee, Jr., Appellants.**

Court of Criminal Appeals of Tennessee, at Jackson.

Jan. 21, 1982.

Permission to Appeal Denied by Supreme Court April 5, 1982.

A. C. Wharton, Jr., Shelby Co. Public Defender, Charles E. Baucum, Asst. Public Defender, Memphis, for appellants.

William M. Leech, Jr., Atty. Gen., Jerry L. Smith, Asst. Atty. Gen., Nashville, John Fowlkes, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

TATUM, Judge.

The defendants, Dean Edward Foote and Robert Lee, Jr., appeal convictions for armed robbery. By three indictments, the defendants were charged with victimizing three employees of Church's Fried Chicken by armed robbery. The defendant, Foote, was found guilty of one offense for which his punishment was fixed at 30 years in the State penitentiary. Lee was convicted of two offenses with punishment fixed at 30 years in the penitentiary for each offense. On this appeal, the defendants present several issues for review, although they do not question the sufficiency of the evidence. After considering the record, we find the issues to be without merit.

The defendant Foote filed a pretrial motion to suppress in compliance with T.R. Cr.P. Rule 12(b)(3). As will be later discussed, the defendant Lee did not file a pretrial motion and the trial court ruled that Lee had waived his right to object. We will discuss the facts established at the suppression hearing held on Foote's motion.

At approximately 10:30 P.M. on January 5, 1980, Memphis policeman D. L. Davidson received a radio call that a holdup was in progress at Church's Fried Chicken at 2442 Summer Avenue in Memphis. Davidson and his partner drove immediately to the scene and entered the front door just as the two robbers were running out the back door. Without stopping at Church's Fried Chicken to discuss the details of the robbery, they drove to the rear of the building and observed a red and white Mustang pulling from the parking lot of a church directly behind the fried chicken establishment. They saw that the lights on the Mustang came on as it was leaving the church premises. They first saw the Mustang about 30 seconds after they initially arrived at the front of Church's Fried Chicken. When they observed the Mustang, there were no other moving vehicles or pedestrians in the area.

While following the Mustang, the officers received radio descriptions of the two black men who had robbed the restaurant, and the manner of their dress. After receiving this information, the officers turned on their sireen and blue lights in an attempt to stop the Mustang. After some delay, the Mustang stopped and the officers instructed the two occupants to stand outside the vehicle. Lee was the driver of the Mustang and Foote was a passenger. When the officers saw that the defendants met the description they had been given of the robbers, they arrested the defendants. After making the arrest, the officers searched the car and found rolled coins in Lee's jacket, which was in the backseat. They also found currency which included the "bait money" that set off the Cobra Alarm. On the passenger side of the Mustang, under the seat, the officers found a 38 caliber revolver and a metal box containing more rolled coins.

Before the officers left the scene where the defendants were arrested, other officers brought the manager of Church's Fried Chicken, who was one of the victims to the robbery, to the scene of arrest and he identified the defendants as the robbers.

The trial judge found that the officers had probable cause for the arrest and that the ensuing search was lawful. He also found that the identification of the defendants by one of the victims at the scene of the arrest was not tainted. When the evidence does not preponderate against the trial judge's findings of fact, his findings are binding upon this court. *Key v. State,* 591 S.W.2d 793 (Tenn.Cr.App.1979); *Echols v. State,* 517 S.W.2d 18 (Tenn.Cr.App.1974). We will now determine whether the trial court erred as a matter of law.

The defendant, Foote insists that the original investigative detention of the defendants was in violation of the Fourth Amendment because "there was no probable cause existing." It is now well settled that probable cause is not required to justify an investigative stop; all that is required is that the officer have reasonable suspicion supported by specific and articulable facts. See *Hughes v. State,* 588 S.W.2d 296 (Tenn. 1979); *State v. McLennan,* 503 S.W.2d 909 (Tenn.1973). We will not again reiterate the facts known to the officers which prompted the initial stop; however, we find that they are sufficiently specific and articulable to support the officers' reasonable suspicion that the occupants of the automobile were responsible for the robbery. The stop was based upon much more than an unfounded suspicion or a "hunch."

After lawfully stopping the automobile, the officers saw that the defendants matched the description of the robbers. This observation, coupled with the facts and circumstances under which the automobile was earlier observed, gave the officers probable cause to arrest the defendants. See *Houston v. State,* 593 S.W.2d 267 (Tenn. 1979); *Grey v. State,* 542 S.W.2d 102 (Tenn. Cr.App.1976).

As an incident to the lawful arrest of the defendants, the officers had authority to search the passenger compartment of the automobile, as well as the jacket and other containers found within the passenger compartment. *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). The defendants were lawfully arrested and the automobile was lawfully searched. We pretermit the question of whether Foote had standing to attack the validity of the search.

The one-on-one confrontation between the defendant Foote and one of the victims, which occurred shortly after the offense was committed, is not unconstitutional. It was an on-the-scene investigatory procedure. See *Johnson v. State,* 596 S.W.2d 97 (Tenn.Cr.App.1979).

We will next decide the defendant Lee's complaint that the trial court erred in considering his motion to suppress as waived because it was not timely filed. The record reflects that Lee's motion to suppress was filed on the second day of the trial. Good cause was not shown for Lee's failure to file the motion to suppress pretrial as required by Rule 12, T.R.Cr.P. It may well have been that Lee's failure to timely file the motion was tactical strategy because it affirmatively appears that his attorney was familiar with *State v. Davidson,* 606 S.W.2d 293 (Tenn.Cr.App.1980). T.R.Cr.P. Rule 12(b)(3) and 12(f) and *Feagins v. State,* 596 S.W.2d 108 (Tenn.Cr.App. 1979) are fully discussed in the *Davidson* case. We reach the inescapable conclusion that counsel was aware of the foregoing provisions in Rule 12.

T.R.Cr.P. Rule 12(b)(3) provides that a motion to suppress "must be raised prior to trial." T.R.Cr.P. Rule 12(f) provides that a failure to file the motion pretrial constitutes a waiver thereof unless cause is shown for noncompliance with the rule. In *Feagins v. State, supra,* this court discussed these provisions of Rule 12 and the reasons for them.

Lee relies upon *State v. Davidson, supra* for his insistence that the mandatory provi-

sions of Rule 12(b)(3) and 12(f) are not applicable to his motion to suppress. In Lee's motion to suppress, he alleges a violation of a constitutional right and seeks invocation of the exclusionary rule. In the *Davidson* case, this court refused to reverse a judgment of the trial court which held identification evidence competent after a jury-out hearing. The hearing was held as a result of a motion to suppress made during trial. The motion alleged that a line-up was unconstitutionally suggestive. This court affirmed the trial court on the ground that the evidence heard in the trial court supported the trial judge's finding that the identification was not impermissibly suggestive. In so holding, the *Davidson* opinion says, by way of dictum, that a trial judge must entertain a motion to suppress made during trial, if "counsel can show by specificity in his motion to suppress the identification a substantial likelihood of a constitutional violation." The Tennessee Supreme Court denied Davidson's application to appeal from the judgment of this court affirming the conviction.

To follow the dictum in the *Davidson* opinion to the effect that pretrial motions are not required to raise constitutional questions would eradicate the provisions of Rule 12(b)(3) and 12(f) because practically all motions to suppress are based on alleged violations of constitutional rights. The rule does not deny anyone of his constitutional rights; it merely provides for an orderly procedure to be followed to invoke the exclusionary rule when a constitutional right is violated. Provisions are made for a defendant who has good cause for not filing his motion pretrial. The reasons for the rule are discussed in *Davidson, supra* and *Feagins, supra.* We adhere to the clear and plain provisions of Rule 12(b)(3) and 12(f) as adopted by the Supreme Court and the General Assembly; we reject Lee's insistance that the rule is not applicable when a violation of a constitutional right is claimed. Most, if not all, jurisdictions with similar rules hold in accord with this view. For example, see *United States v. Sisca*, 503 F.2d 1337, 1348 (2nd Cir. 1974); *United States v. Ellis*, 461 F.2d 962, 969 (2nd Cir. 1972); *United States v. Ball*, 381 F.2d 702 (6th Cir. 1967); *Birdsell v. United States*, 346 F.2d 775 (5th Cir. 1965), *cert. denied*, 86 S.Ct. 449, 382 U.S. 963, 15 L.Ed.2d 366; *Garcia v. United States*, 315 F.2d 133, 135 (5th Cir. 1963), *cert. denied*, 375 U.S. 855, 84 S.Ct. 117, 11 L.Ed.2d 82; *Zachary v. United States*, 275 F.2d 793 (6th Cir. 1960), *cert. denied*, 81 S.Ct. 46, 364 U.S. 816, 5 L.Ed.2d 47; *Burnett v. State*, 263 Ark. 225, 564 S.W.2d 211 (1978); *Blakely v. State*, 542 P.2d 857 (Wyo.1975).

▇ The defendant, Foote next states, "The Court erred in ordering Mr. Foote's sentence to be served consecutive 'to any time remaining on sentences—' all of which is vague and not subject to interpreting correctly and should be held void for lack of clarity." The record reflects that at the time of the robbery of Church's Fried Chicken, Foote was on parole for another armed robbery conviction. At the time of trial, his parole had been revoked. The trial court properly held that the sentence in this case is required by law to be served consecutive to the previous sentence for which the defendant had been paroled. Rule 32(b), T.R.Cr.P.

▇ Finally, Lee complains of remarks allegedly made by the District Attorney during the State's closing argument. The closing argument is not in the record so this issue cannot be considered. *Dearborne v. State*, 575 S.W.2d 259 (Tenn.1978); *Wiley v. State*, 552 S.W.2d 410 (Tenn.Cr.App.1977).

The judgments below are affirmed.

DWYER and O'BRIEN, JJ., concur.