**STATE of Tennessee, Appellee,**

v.

**Mack Joseph SHELTON, Jr., Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Nov. 16, 1984.

Permission to Appeal Denied by Supreme Court Feb. 4, 1985.

James W. Greenlee, Knoxville, for appellant.

W.J. Michael Cody, Atty. Gen., David M. Himmelreich, Asst. Atty. Gen., Nashville, Robert L. Jolley, Jr., Asst. Dist. Atty. Gen., Knoxville, for appellee.

## OPINION

DWYER, Judge.

The appellant, a Range II persistent and aggravated offender, appeals from convictions of assault to commit murder in the second degree, see T.C.A. § 39-2-102, and of possessing burglary tools, see T.C.A. § 39-3-408. He received confinement for eight years on the latter and four years on the former. The two sentences were ordered to be served concurrently and the possession conviction was ordered to be served consecutively with a prior federal sentence.

There are two issues: (1) whether the trial court erred in overruling appellant's pre-trial motion to suppress and (2) whether an alleged withholding of exculpatory evidence by the State denied him a fair trial.

An examination of the evidence at the suppression hearing and other evidence from the record reveals the following facts: On the first week in April 1983, the T.B.I. officers were given information by Donald Stout that appellant was planning a holdup of the White Store in Cedar Bluff shopping center in Knoxville. Informant Stout told the officers that appellant was going to rob the store and that he was delivering the information to get even with the appellant for having set him up in the past. For four days the officers maintained surveillance in the parking lot. On April 7, 1983, officers observed a white Cadillac drive into the area. There was a passenger in the car. They alighted and were observed walking around as though, as stated by the State,

"casing" the store. On Saturday, April 9, they were observed entering the lot in the white Cadillac around 9:00 p.m. The car was observed driving in the area in which the store manager was making a night deposit. The officers moved in on the Cadillac when it accelerated onto the street after a momentary stop. A portable blue light was turned on and placed on top of the squad car.

Appellant was observed on the passenger side of the fleeing car pointing a shotgun at one of the officers. When another squad car caused the Cadillac to stop by blocking its path, Stout jumped out and fled. A blast from the Cadillac wounded an officer that had been riding in the squad car that had blocked the Cadillac. When gunfire was directed on the Cadillac by police, appellant drove away and the car was found abandoned a short time later.

An inventory at the sheriff's garage revealed a shotgun, which was not identified as the weapon pointed at the officer at the outset of the chase, behind the front seat. Live and expended shotgun shells, a dent puller, a jumpsuit, a chisel, a six-piece screwdriver set, a pair of black gloves, and a screwdriver in the back seat with a broken tip were seized by police.

Examining the route of pursuit police found a police scanner and two face masks. In a burglarized car, police found a screwdriver tip that matched the broken screwdriver found in the Cadillac.

The appellant testified at the hearing that he had leased the Cadillac; that when officers shot at him he fled and hid in a field; and that he called officers the next morning.

■ The first issue: It is appellant's reasoning that the officers did not have probable cause to stop the Cadillac. He points out that informant Stout had a long police record, was out to get appellant, and no crime had been committed. They acted on suspicion alone; hence, the officers were without authority to stop the Cadillac. Under the facts and circumstances enumerated, any reasonable and prudent officer

would have been derelict in his duty not to have tried to intercept the Cadillac. An officer is not to stand idly by and wait until a felony has in fact been committed before he acts. The officers were also aware that appellant had a lengthy prior record. Further, when the officers attempted to stop the Cadillac, appellant was observed pointing a deadly weapon at them. This, coupled with the wounding of an officer, is overwhelming evidence of the justification for the action they took. *See State v. Foote*, 631 S.W.2d 470, 472 (Tenn.Cr.App. 1982). The search of the car that followed thereafter was not unreasonable. The trial court did not err in overruling the motion to suppress.

The last issue: The appellant argues that the State denied him a fair trial by withholding exculpatory evidence. His urgings: (1) that T.B.I. agent Haynes would testify that appellant denied he had shot anyone; (2) that T.B.I. agent McBee was going to testify about a second weapon in the car, and that the State's withholding of this information harmed appellant's impeachment of witness Stout; and (3) that after trial a T.B.I. agent told him that the car in front of which the wounded officer was allegedly standing when shot suffered no damage. Appellant's brief on this issue is inadequate. T.R.A.P. 27(a)(7), (g).

The State responded that it was unaware of any denial made by appellant to Officer Haynes. Since Haynes testified about this before the jury, there is no harm here.

On cross-examination, Stout testified that he had a pistol and appellant had a shotgun.

Finally, as the trial court held at the hearing on the motion for new trial, the presence or absence of damage to the car in front of which the wounded officer was standing when shot was not exculpatory and could not have affected the results. In short, it is not of sufficient "materiality" in the constitutional sense to affect guilt. *United States v. Agurs*, 427 U.S. 97, 109–10, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976). It is not newly discovered evidence that would have changed the results. *State v. Goswick*, 656 S.W.2d 355 (Tenn. 1983). The issue overruled, the judgment of the trial court is affirmed.

CORNELIUS and SCOTT, JJ., concur.