WHALEY *v.* STATE.

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

GEORGE G. ALLEN, of Sevierville, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The defendant was tried and convicted under section 10790 of Williams' Code, for the abduction of Geraldine Hale, and his maximum punishment fixed at not more than eight years in the penitentiary, from which he appeals

The defendant was a Baptist preacher, married, and the pastor of a church near Lenoir City. Geraldine Hale was a sixteen-year-old girl in her second year in high school. She was a member of the defendant's church. It seemed that she became infatuated with the defendant and must have been considerably under his influence. However, it appears that she had an automobile which had been given to her by her grandfather. In April, 1948, she was living with and in the custody of her parents, who lived in Loudon County near Lenoir City. Some time before April 12, 1948 she and defendant agreed that they would meet in Bearden, a small community in Knox County. Thereupon she packed her suitcases, put them in her car, placed a record player, a hot plate, and some similar appliances in its also, and then went to Bearden. She met the defendant at Bearden and her baggage was

transferred to his car. It seems that the girl drove her own car over to Knoxville and sold it. She then got in the car of the defendant and they drove to Detroit.

The girl testified that they spent the first night at a tourist home somewhere along the way to Detroit and the defendant had carnal knowledge of her once on this night. The next day they reached Detroit and went to a hotel there. While this girl claimed that they had separate rooms at this hotel, she does admit that they were adjoining rooms with a door between and that they passed and repassed in each other's room frequently. They were finally located in Detroit, and officers from Loudon County with a warrant went there to bring them back. When arrested they were found riding together in the defendant's automobile.

The defendant did not testify nor introduce any testimony in his own behalf.

The only contention made on the facts of this case is to the effect that there is no evidence that any agreement to leave was made in Loudon County. We think this contention loses sight of the essential ingredients of the offense. These ingredients are (1) that there shall be a taking of the female from the custody of her parents, and (2) that the taking shall be for the purpose of prostitution or concubinage.

In 1 Am. Jur., Abduction, sec. 10, it is said: "The gravaman of the crime of abduction is the taking for the prohibited purpose, and hence, the offense, if committed at all, is complete the moment the subject of the crime is removed beyond the power and control of her parents or others having lawful charge of her, whether the purpose of the taking is accomplished or not. Subsequent acts are only important as affording the most reliable

510

means of forming a correct conclusion with respect to the original purpose and intention of the accused.''

■ There is no question but that the girl was in the custody of her parents in Loudon County, and also there is no question but that the taking was for the prohibited purpose announced by the statute. The offense obviously was begun in Loudon County, and we think the provisions of section 11475 of the Code fixed the venue in that county. This section reads as follows: ''When an offense is committer partly in one county and partly in another, or the acts or effects thereof constituting or requisite to the consummation of the offense, occur in two or more counties, the jurisdiction is in either county.''

A motion to quash the indictment was interposed based upon the ground that it did not state that the female was under the age of twenty-one years.

■■ There is no such requirement in the statute, but this requirement has been added by construction. We think the rule is well settled that where there be an exception to a statute created by construction, such exception need not be negatived in the indictment. *Griffin* v. *State*, 109 Tenn. 17, 70 S. W. 61.

■ It is also contended that the trial judge was in error in allowing the district attorney general to cross-examine this girl. This was within the discretion of the trial Judge. See Wigmore on Evidence (3d Ed.), Vol. 3, sec. 770.

We have considered all the assignments of error and find them without merit, and the judgment of the lower court is affirmed.

All concur.