Stephen Gregory **WALLACE and Martha J. Wallace, Appellants,**

v.

**KNOXVILLE'S COMMUNITY DEVELOP-MENT CORPORATION, Johnson & Galyon, Inc., Davis-Longsworth Electric Corporation, Vreeland Associates Engineers, Inc., and Morton Sweetser & Associates, Appellees.**

Court of Appeals of Tennessee,
Eastern Section.

Feb. 14, 1978.

Certiorari Denied by Supreme Court
July 3, 1978.

Don C. Stansberry, Jr. and Richard T. Sowell of Baker, Worthington, Crossley & Stansberry, Knoxville, for appellants.

Meridith C. Bond of Bond, Carpenter & O'Connor, Knoxville, for Knoxville's Community Development Corp.

Paul E. Parker of O'Neil, Parker & Williamson, Knoxville, for Johnson & Galyon, Inc.

William A. Young and Calvin N. Taylor of Cheek, Taylor & Groover, Knoxville, for Davis-Longsworth Elec. Corp.

Jack M. Tallent, II, of Kennerly, Montgomery, Howard & Finley, Knoxville, for Vreeland Associates Engineers, Inc., and Morton Sweetser & Associates.

## OPINION

PARROTT, Presiding Judge.

Appellants, Stephen Gregory Wallace and his mother, Martha J. Wallace, brought this suit seeking damages for injuries suffered by Stephen when he received a severe electrical shock on January 7, 1975, while changing an outdoor light bulb on a utility pole which was a part of an overhead electrical distribution system owned and operated by Knoxville's Community Development Corporation (KCDC) at the Walter P. Taylor Housing Project in Knoxville.

The suit charges KCDC with negligence and gross negligence in its capacity as the owner-operator of the electrical distribution system. It is alleged the distribution system was not constructed in accordance with the approved plans and specifications and the utility pole plaintiff was on at the time of the injury was constructed in violation of the National Electric Safety Code.

Also named as defendants are: Davis-Longsworth Electric Corporation, builder of the electrical system; Johnson & Galyon, Inc., general contractor; Vreeland Associates Engineers, Inc., the designer of the electrical system; and Morton Sweetser & Associates, the architects. These defendants are charged with negligent design, construction and inspection and/or supervision of the construction of the electrical system and particularly the pole plaintiff was on at the time of his injury. In an amended complaint these defendants are charged with making false representations or false certifications as to construction of the electrical distribution system.

On the grounds plaintiffs' action was barred by the four-year statute of limitations, as provided in T.C.A. 28–314, motions for summary judgment were granted to all defendants except KCDC.

At the trial of the action against KCDC the jury returned a verdict in favor of the defendant and judgment was entered dismissing plaintiffs' suit. From the action of the circuit judge's overruling the motion for new trial, plaintiffs have appealed and assigned error. Plaintiffs have also appealed from the circuit judge's order granting motions for summary judgment.

We will consider first the assignments of error directed to the circuit judge's granting of the motions for summary judgment. It is insisted there was a genuine issue of fact concerning plaintiffs' alleged false representations and that T.C.A. 28–314 is unconstitutional. It is undisputed the Walter P. Taylor Homes Project was completed and accepted in

1967, more than four years prior to plaintiff's injury on January 7, 1975. We have carefully read plaintiffs' amended complaint alleging false representations and false certification. We find no charge of fraudulent concealment that would toll the statute of limitations but only the naked allegation that the defendants knew that the electrical distribution system was not constructed in accord with the approved plans and specifications. As noted in appellee's brief, whatever the condition of the electrical distribution system, and particularly the pole plaintiff was injured on, such condition was obvious and fully visible. Even if the system was not constructed in accord with the plans and specifications, the condition was not concealed or hidden but was openly visible to the plaintiff and all others. Thus, we do not see how T.C.A. 28–317, which provides that one guilty of fraud or who conceals a cause of action tolls the four-year period of limitation provided in T.C.A. 28–314, could apply to the facts as alleged in this case.

▉ The insistence that T.C.A. 28–314 is class legislation prohibited by Article 11, Section 8, of the Constitution of the State of Tennessee and is violative of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States will not be considered by this Court.

The record reveals there was not a compliance with Rule 24.04 Tenn.R.Civ.P. requiring notice to be given the Attorney General when the validity of a statute is questioned. Since appellants did not properly proceed below and in the exercise of our discretion, we have entered an order declining to remand the cause for the purpose of notifying the Attorney General. We do not believe appellants are in a position to assert the unconstitutionality of the statute which has been held constitutional by the circuit judge. However, if the circuit judge had held the statute unconstitutional, we more than likely would have remanded the cause. All assignments insisting the circuit judge erred in granting the motion for summary judgment are overruled.

We will now consider the errors assigned to the KCDC trial. At the time of his injury, Stephen Gregory Wallace, 17 years of age, was employed by Professional Lighting Service who contracted with KCDC to supply material, labor and equipment for replacement of exterior light bulbs for several housing projects including the Walter P. Taylor Homes. On January 7, 1975, while changing an outdoor bulb at the Walter P. Taylor Homes project, plaintiff was severely injured by an electrical shock from a 7200 volt electrical line. Plaintiff was using a wooden 40-foot extension ladder leaned against the utility pole to replace the bulb. It was plaintiff's testimony that at the time of the injury he had replaced the bulb and was descending the ladder when he suffered electrical shock.

Plaintiffs called as a witness Roy Martin, a qualified expert in the field of electricity, who testified in his opinion the utility pole on which Wallace was injured presented an unreasonable hazard to those working in close proximity to the high voltage wires.

Defendant called as witnesses three electrical experts who testified that the electrical distribution system at the Walter P. Taylor Homes project was safe and not in violation of any provision of the National Electric Safety Code. Also witnesses testified that the proper way to change an outdoor bulb of the type plaintiff was changing was not from a ladder but by the use of a bucket truck.

Appellants in this Court have assigned four errors: (1) The circuit judge erred in refusing to declare William Singleton a managing agent of KCDC pursuant to Rule 43.02 Tenn.R.Civ.P.; (2) The circuit judge erred in refusing appellants the right to impeach and contradict Singleton when they were surprised by answers given which were materially different from the answers given to similar questions in a pretrial deposition; (3) The circuit judge erred in commenting to the jury upon the evidence; and (4) The circuit judge erred in failing to charge the jury in regard to gross negligence.

For the reasons to be given, all assignments of error are overruled and the judgment as entered affirmed.

■ At the time of the trial witness William Singleton was employed by KCDC as a maintenance mechanic. At the time plaintiff suffered his injury Singleton was "acting supervisor" at Walter P. Taylor Homes. Mr. Singleton testified that there were four men under his supervision and his primary obligation was maintenance at the Walter P. Taylor Homes project, and that he was normally told what to do. Plaintiff was permitted, under Rule 43.02 Tenn.R.Civ.P., to read the deposition of David M. Rhyne who was the assistant director of maintenance for KCDC. Also, plaintiff was permitted to call as a witness Tom Howard, the director of housing for KCDC.

To our knowledge the only case dealing with a managing agent as provided under Rule 43.02 Tenn.R.Civ.P. is *Seaboard Coastline RR. Co. v. Hughes,* 521 S.W.2d 558 (Tenn.1975). In that case the Supreme Court said that a "managing agent" is one who "(1) Acts with superior authority and is invested with general powers to exercise his judgment and discretion in dealing with his principal's affairs (as distinguished from a common employee, who does only what he is told to do; has no discretion about what he can or cannot do; and is responsible to an immediate superior who has control over his acts); (2) Can be depended upon to carry out his principal's directions to give testimony at the demand of a party engaged in litigation with his principal; and (3) Can be expected to identify himself with the interests of his principal rather than those of the other party." Applying the above standards, we find, as the circuit judge did, that Mr. Singleton did not qualify as a managing agent.

■ We find no merit in appellants' assignment that the circuit judge erred in refusing to permit the impeachment of witness William Singleton because of substantial and material difference in the answers given at the trial and the answers given in a pretrial discovery deposition. It is generally accepted that a party cannot impeach his own witness but may do so when a party is compelled to call an *indispensable* witness or a witness that is hostile and the party has been genuinely taken by surprise. *King v. State,* 187 Tenn. 431, 215 S.W.2d 813 (1948); *Turner v. State,* 188 Tenn. 312, 219 S.W.2d 188 (1949). It is not insisted that Singleton was an indispensable witness. The record clearly shows that all things Singleton was going to be questioned about were testified to by other witnesses. Thus we do not see how plaintiffs were prejudiced by the circuit judge's refusal to permit the interrogation of Singleton by leading questions. The trial judge is vested with wide discretion in determining whether a witness is hostile and whether counsel should be permitted to cross examine his own witness. *Whaley v. State,* 187 Tenn. 507, 216 S.W.2d 17 (1948); *Brown v. University Nursing Home, Inc.,* 496 S.W.2d 503 (Tenn.App.1972). We do not find that the circuit judge abused his discretion or that his refusal to permit the plaintiffs' witness Singleton to be cross examined by plaintiffs' counsel was prejudicial.

Appellants insist the circuit judge erred in commenting to the jury upon the evidence and expressing his opinion to the jury concerning the professional reputation of Harry Bibee, owner of Professional Lighting Service and plaintiff's employer. The circuit judge's comment to the jury complained of is as follows: "Of course, in employing the independent contractor the KCDC employed, it is undisputed a person who enjoyed a good reputation as an electrical contractor, and he was licensed to do business in this state, they had a right to assume that the contractor and his employees were competent in dealing with electricity." Appellants contend there was "substantial contrary evidence" concerning the professional reputation of Harry Bibee. This contention is based on the testimony of Earl Seivers, business manager and financial secretary of Local 760 of the International Brotherhood of Electrical Workers, who testified that "he had heard that Bibee hired high school students to perform some of his services."

■ We do not see that Bibee's practice of hiring high school students had any bearing on his professional reputation. The undisputed proof from several experts was that Harry Bibee enjoyed a good reputation in the industry. It is true that a trial judge must not charge a jury with respect to matters of fact. Article 6, Section 9, Constitution of the State of Tennessee. Parties to litigation have the right to have all issues of fact decided by the jury if the evidence is in conflict. *Morgan v. Tenn. Cent. Ry. Co.,* 31 Tenn.App. 409, 216 S.W.2d 32 (1948). In *Tevis v. Proctor & Gamble Distributing Co.,* 21 Tenn.App. 494, 113 S.W.2d 64 (1938), plaintiff, while engaged in hauling moonshine liquor, was involved in an automobile accident. The trial judge, in his charge to the jury, commented on the fact that plaintiff was injured while hauling liquor. This Court said:

It was a fact proven in the case, and, being such, was open to comment by the court. And unless his comments on this feature of the evidence constituted such positive error as to be prejudicial to plaintiff's rights, then no reversal should be granted for this reason. We fail to find any such prejudice, and this assignment of error is overruled.

See also *Farquhar v. Toney,* 24 Tenn. 502 (1844), and the criminal case of *Conboy v. State,* 2 Tenn.Crim.App. 535, 455 S.W.2d 605 (1970).

We do not believe the circuit judge's remark was improper, and even if it was, such was not so prejudicial as to be reversible error but only harmless error. T.C.A. 27–117.

■ The final assignment insists it was error for the circuit judge not to charge gross negligence. We note at the close of the charge the circuit judge asked if there were any further special requests and an off-the-record conference was held at the bench. Further, it is noted that appellants offered no special requests asking the court to charge the law pertaining to gross negligence. Early after the adoption of the Tennessee Rules of Civil Procedure there seems to be some confusion as to the meaning of that part of Rule 51.02 which provides that "failure to make objection shall not prejudice the right of a party to assign the basis of the objection as error in support of a motion for a new trial." The recent case of *Henry County Board of Education v. Burton,* 538 S.W.2d 394 (Tenn. 1976), our Supreme Court put to rest any doubt as to the meaning of the rule and clearly stated the counsel's responsibility in making special requests.

The second portion of Rule 51.02, to the effect that failure to object does not constitute waiver of errors in the instructions, is entirely consistent with and in fact preserves the pre-existing practice in this state, prior to the adoption of the Rules of Civil Procedure. It has long been the rule in this state that positive error in jury instructions could be assigned for the first time on motion for new trial, regardless of whether objection had been made or a special request submitted.

Some changes in previous practice had been incorporated in Rule 51.01, with respect to the appropriate time for tendering special requests for jury instructions, but Rule 51.02 neither contemplated nor accomplished any change in previous practice with respect to assignments made on a motion for new trial.

This is not to suggest that the doctrine of waiver has no application in this and in other areas of trial practice. Counsel are expected to assist the trial court at all stages of litigation. Both the rules of waiver and considerations of harmless error, announced in cases decided prior to the adoption of the Rules of Civil Procedure, still obtain. We approve the following statement by this Court made many years ago:

". . . counsel engaged in a trial should aid the court by calling his attention to an abstraction or an inadvertence in delivering his instructions to the jury, and, where they fail to do so, this court will not reverse unless convinced that the party complaining has [been] prejudiced by such instruc-

tion, or that justice is about to miscarry." *Carney v. Cook,* 158 Tenn. 333, 13 S.W.2d 322, 325 (1929).

Another and more pertinent reason the circuit judge should not have charged gross negligence is that, although pleaded, there was no evidence to support a charge of gross negligence. It has always been the rule that unless there is evidence to support the charge, the party is not entitled to such a charge. *Goodman v. Hicks,* 15 Tenn.App. 231 (1931); *Wilburn v. Vernon,* 60 Tenn. App. 436, 447 S.W.2d 382 (1969).

Let the costs be taxed to appellants.

SANDERS and GODDARD, JJ., concur.