# WAYNE LEBRON CARTER, Plaintiff in Error. v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee, Eastern Section, Knoxville. Sept. 19, 1968.

Certiorari Denied by Supreme Court Jan. 6, 1969.

Glenn T. McColpin, Chattanooga, Tenn., for plaintiff in error.

George F. McCanless, Atty. Gen., George W. McHenry, Jr., Asst. Atty. Gen., Nashville, William Ortwein, Asst. Dist. Atty. Gen., Paul W. Herrell, Asst. Dist. Atty. Gen., Chattanooga, Tenn., for defendant in error.

## OPINION

WALKER, Presiding Judge.

Wayne Lebron Carter, the defendant, was convicted of forgery and sentenced to one to two years in the State Penitentiary, from which he has appealed to this court.

Lockwood's Paint and Body Shop in Chattanooga was burglarized, and a number of blank payroll checks were stolen. The State's proof showed that the defendant undertook to cash, at a grocery store, a check claimed to be one of those in question. The defendant endorsed the back of the check, but the assistant manager refused to cash it and reported the incident to the manager, who, in turn, called the police. This led to an investigation by Frank Lewis, a detective of the Chattanooga Police Department. The defendant denied forging the check or undertaking to pass it.

Mr. Lewis found the defendant at a place known as King's Delight and asked him about the burglary. He then took the defendant to the grocery store, where he was identified as the person there earlier. After this, the officer took the defendant to police headquarters, where he asked the defendant to empty everything from his pockets. Two checks, one signed, from Lockwood's Paint and Body Shop were in his shirt pocket.

The officer then booked him on a charge of burglary

and explained his constitutional rights. He had previously warned the defendant in the automobile before his identification. The defendant signed a waiver of his rights.

Mr. Lewis asked the defendant where he got the checks, to which the defendant replied that the night before a man had asked if he wanted to make any money, and that he (the defendant) had paid $5 for this check; that the man from whom he purchased the check filled it out there.

The assignments of error, in substance, are:

1. That the evidence preponderates in favor of the defendant's innocence and against his guilt of forgery.

2. That the defendant never received a copy of the presentment or indictment against him.

3. That the trial court erred in permitting Detective Lewis to testify as to the circumstances surrounding the identification of the defendant by an employee of the Red Food Store, inasmuch as the defendant was not previously advised of his constitutional rights.

4. That the trial court erred in charging the jury that, if the defendant attempted to pass a forged instrument, he was guilty of forgery.

■ The defendant has not carried the burden of showing that the evidence preponderates against the verdict of guilty and in favor of his innocence, which he is required to do on appeal. Pryor v. State, 217 Tenn. 695, 400 S.W.2d 700. The assignment on the sufficiency of the evidence is overruled.

240

■ The record shows no request by the accused for a copy of the indictment. Where there is nothing in the record to indicate that a defendant demanded a copy of the indictment, or that it was not furnished him, a waiver is implied on appeal to this court. Gogdell v. State, 193 Tenn. 261, 246 S.W.2d 5.

■ The defendant contends that the Court erred in permitting Detective Lewis to testify about his identification by an employee of the food store because he had not been advised of his right to counsel. He relies on Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

Miranda is no authority for his position. That case considers the admissibility of confessions and statements, exculpatory and inculpatory, but not identification procedures. This case was tried before the effective date of the rules for identification laid down in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed2d 1149 (1967). This assignment is overruled.

■ In charging the jury, the trial court instructed it on passing forged paper (T.C.A. Sec. 39-1704). The jury convicted the defendant of forgery, and he was not prejudiced by this charge. He made no request for further instructions.

We have considered all assignments and find them without merit. The judgment of the lower court is affirmed.

GALBREATH, J., did not participate in the decision of this case.

OLIVER, J., concurs.