# DONALD MACK CONBOY, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

## 455 S.W.2d 605.

Court of Criminal Appeals of Tennessee. March 16, 1970.

Certiorari Denied by Supreme Court June 15, 1970.

538

Hughie Ragan, Jackson, for plaintiff in error.

George F. McCanless, Atty. Gen., Everett H. Falk, Asst. Atty. Gen., Nashville, David P. Murray, Dist. Atty. Gen., Whit LaFon, Asst. Dist. Atty. Gen., Jackson, for defendant in error.

## OPINION

DWYER, Judge.

A jury in the Circuit Court of Madison County found Donald Mack Conboy guilty of committing an assault and battery with the intent to commit rape. He was sentenced on the verdict as returned by the jury to confinement for not more than 21 years in the State Penitentiary. He has seasonably appealed this conviction in the nature of a writ of error.

He has filed 18 assignments of error, maintaining the conviction imposed was not in accordance with law.

The prosecutrix, 16 years of age, related she had been to a sorority slumber party in Jackson, Tennessee. Around 2:00 a.m. she left to meet her boyfriend, who was to take her home. A pickup truck pulled up and the male driver inquired if she wanted a ride. He then pulled away and came back. When the truck approached again and stopped the male driver got out, put a pistol on her, grabbed her by the hair and forced her into the truck. He drove her out in the vicinity of the Jackson Country Club, made her disrobe and tried to have intercourse with her. She related his male organ would not erect and that is why no penetration occurred. He took her back to her home and let her out. She informed the elderly baby sitter there of what had happened, then called her parents, who were spending the night in Memphis. The parents hurried home, where the victim related in detail what had happened to her. A complaint

was made to the police department. A physical examination of her was performed by a doctor who found an abrasion on her female private parts. A week or so later at a drive-in she saw the defendant, observed the car he entered and got the license number. This information brought about Conboy's arrest. A show-up was held and he was identified by the victim. The truck was identified by the victim also and pictures were made of it by the Jackson Police Department. Details of the description of the truck—broken speedometer, a clock on the dashboard, a change box, holes in the windshield, the color of the truck and the fact that the doors had to be opened inside—all corroborative of the victim's original description, were evident. The defendant testified and in substance related a denial on the basis that it was a case of mistaken identity. He offered some character proof. Defendant filed a motion for a new trial, an amended motion for a new trial and a second amendment to his motion for a new trial.

 He complains there is an insufficiency of evidence in the record and it therefore preponderates against the verdict and in favor of his innocence. In reviewing this assignment we do so with the settled rule of law in this state that a guilty verdict, approved by the trial judge, accredits the testimony of the State's witnesses and establishes the State's theory of the case. Under such a verdict the presumption of innocence disappears and upon appeal is replaced by a presumption of guilt. We are not permitted to reverse a conviction on the facts unless the evidence clearly preponderates against the verdict of the jury and in favor of the innocence of the accused; and the defendant, on appeal, has the burden of showing that the evidence preponderates

against the verdict and in favor of his innocence. McBee v. State, 213 Tenn. 15, 372 S.W.2d 173; Bacon v. State, 215 Tenn. 268, 385 S.W.2d 107; Gulley v. State, 219 Tenn. 114, 407 S.W.2d 186; Brown v. State, Tenn. Crim. App., 441 S.W.2d 485. There is ample evidence in this record to support the verdict.

Defendant next contends that evidence of the victim identifying the defendant at the lineup held should have been excluded. He relies on United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. At the trial the testimony of the victim was developed pertaining to the lineup and no objection was made to this testimony. We are of the opinion that in the absence of an objection to this testimony it was therefore waived. Floyd v. State, Tenn. Crim. App., 430 S.W.2d 888. Nevertheless, our reading of the record convinces us that the lineup held was very fair. We are also convinced the victim was with the defendant for some time in the truck prior to the assault, affording her an opportunity to observe him closely. She saw and identified him at the drive-in a week or so later. She picked him out of a lineup that, as related, was conducted in the most favorable conditions to the defendant. There is nothing in this record which would reflect her in-court identification was tainted by the lineup. The assignment is overruled.

Defendant next contends it was error for the trial court to allow the doctor to testify before defendant cross-examined the victim. In the record it appears that at the conclusion of the victim's direct examination the court allowed the State to call the examining physician, it appearing the doctor was in some kind of emergency situation. The victim was instructed to leave the court-

room during this testimony. We do not find any abuse of the court's discretion in allowing the witness to testify out of order. After the doctor testified defendant cross-examined the victim. No effort appears to have been made to recall the doctor by the defendant for impeachment or contradictory purposes. There is in Tennessee, as elsewhere, wide discretion vested in the trial court in the order of proof. Oliver v. State, 208 Tenn. 692, 348 S.W.2d 325. We find no abuse in that discretion. The assignment is overruled.

■ ■ Defendant next contends it was error to allow into evidence pictures of his pickup truck. He seemingly bases this contention on the proposition that making the pictures was an unlawful search. He further contends that a request made pursuant to T.C.A., Section 40-2441 that copies of the pictures with names of witnesses should have been furnished defendant. With these contentions we do not agree. T.C.A., Section 40-2441 pertains to confessions and admissions against interest. This record is barren as to any statement made by the defendant. The officers were not under a duty to supply defendant with copies of the pictures under the demand he made. The victim, with officers, identified the truck which was parked on a public street in Jackson. The officers proceeded to photograph this truck. All corroborative objects about the truck could be seen from the outside. No search is involved when it (truck) is in plain view in a public place. Sneed v. State, 221 Tenn. 6, 423 S.W.2d 857. The assignment is overruled.

■ The defendant contends that the court erred in limiting his cross-examination of the doctor by not allowing him to question the doctor about his reporting

procedures when the doctor has reason to believe there has been a violation of the law. We fail to see how or where this prejudiced the defendant. It was not material to the examination the doctor had made of the victim. The assignment is overruled.

Defendant also contends certain statements made by the doctor relating to the history of his examination of the victim were error in that the court did not admonish the jury to disregard these statements. When the doctor started relating what the victim had told him, there was an objection which was sustained by the court. The doctor then started relating again what the victim related and again objection was interposed and sustained. We fail to see where this was prejudicial to the defendant. It might have been better practice for the court to instruct the jury to disregard the answers as given. We do not believe this affected the outcome of the case. The assignment is overruled.

It is next contended by defendant the trial court erred in allowing the parents of the victim to relate what she told them on the night of the crime. Defendant's main contention is that the father related she told him "exactly what happened." This type testimony is an exception to the hearsay rule. It is permitted as corroborative proof of the female in cases of this nature. She had testified and then her father testified. It was for the jury to reconcile, believe or disbelieve any of the testimony. We feel this statement from a lay witness not to be harmful under the circumstances. The assignment is overruled.

Defendant contends the trial court erred when the victim's mother was testifying and the court remarked

that the baby sitter, "Mrs. Brewer didn't see the man, [involved in the incident] whoever it might be." We feel this was an inappropriate remark made by the trial court. Under the circumstances developed it appears Mrs. Brewer did not see the defendant nor the truck on the night in question. If this be error then it is declared harmless under T.C.A., Section 27-117. The assignment is overruled.

Defendant next contends the court erred in its charge to the jury in failing to define the term "complaint" and not instructing the jury that only such complaints which have been made soon after the incident are to be considered. The thrust of the assignment appears to be that the jury could get many and different meanings from the word "complaint."

The court charged the jury as found in the record at page 259, the following:

"Complaints made by a female, the prosecutrix in a case of this type, subsequent to the alleged act, is permitted to go before you, not as substantive proof of the statements made by her, but merely as evidence corroborative or confirmatory of the testimony of the female in question."

In Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523, 528, the following may be found:

"It has long been the settled rule in this State that where the injured female is examined as a witness, on a trial of a charge of rape, her statements of the circumstances or particulars of the complaint made soon after the commission of the offense, are *admissible as corroborative or confirmatory of her credibility.*

Phillips v. State, 28 Tenn. 246; Curtis v. State, 167 Tenn. 430, 433, 70 S.W.2d 364; King v. State [210 Tenn. 150, 357 S.W.2d 42], supra." (emphasis added)

In Hill v. State, 73 Tenn. 725, the corroborative statements were admitted, which had been made by the victim three weeks later, it appearing that the victim had been threatened with death if she told. In this record the parents were in Memphis when they received the information of the assault. They left immediately and returned home within two hours. We do not feel, under the circumstances, it unreasonable to admit the testimony of the parents. We, as noted, feel the corroborative statements were competent. We also feel the court, in its charge as outlined, properly instructed the jury on how to receive this evidence. The assignment is overruled.

Defendant next contends that court erred in failing to instruct on lesser included offenses of assault with intent to commit a felony and simple assault as required by T.C.A., Section 40-2518. Defendant relies on Strader v. State, 210 Tenn. 669, 362 S.W.2d 224, as his authority that defendant was prejudiced by the court not charging the law pertaining to the offense of simple assault. He further contends the court did charge the law on assault and battery but it was confusing. We have read the court's charge to the jury and find that it was fair and full. The court charged the jury the law on assault and battery and an assault and battery with intent to commit rape. In Strader v. State, *supra,* Strader was charged with committing an assault and battery on a female under the age of 12 with intent to unlawfully carnally know her. In that case there was a conflict in

the victim's testimony in the first trial, in which she did not relate he had tried to penetrate her or touched her with his penis. In the second trial she related he had tried to penetrate her and had touched her with his penis. In Strader v. State, *supra,* at page 227, the following language may be found:

"Thus, the evidence for the State and that for the defense was in such conflict as to put in issue each of the elements of the felony charged, and those of the lesser offenses included therein, so that it was the sole province of the jury, under proper instructions as to the law, to determine the credibility of the witnesses and to say how much and what parts of the evidence was to be believed; and to determine whether defendant was guilty of any one or none of such offenses."

In this record we have clear and concise language that a penetration was attempted (failed only by lack of erection) and an abrasion was had on the vagina of the victim. In Patterson v. State, 218 Tenn. 80, 400 S.W.2d 743, the following language may be found:

"* * * 'But if it is clear from the evidence that a lesser degree of guilt is not involved, it is not error for the court to refuse the request for, or to fail to give such instructions.' Wharton's Criminal Law and Procedure, Anderson, Vol. 5, § 2099, page 268. Following this quotation cases from many jurisdictions are cited including annotations in 21 A.L.R., 603; 27 A.L.R., 1097; 102 A.L.R., 1019. And, as said on page 270 of Wharton, the reason it is not necessary to give the charge 'as to which there was no evidence, the theory being that he is not prejudiced thereby and cannot complain.' "

In this record defendant contends that it was a case of mistaken identity as to his involvement. He did not contest the attempted rape. We find, as stated in Patterson v. State, *supra,* at page 747:

"* * * We think there was no foundation for any intermediate grade, and thus the trial court properly charged the jury the statute of such a crime as here charged and refused to charge for any lesser degree of the crime. Thus it was, if the man was not guilty of this crime, he was entitled to be acquitted."

The assignment is overruled.

■■■ Defendant contends the court erred in refusing to charge special request as follows, "The court charges you further that the jury shall and does have the right to determine the law and the facts, under the direction of the court." We find the court charged:

"* * * The Jury are the sole and exclusive judges of the facts, * * * The jury in a criminal case are also the judges of the law, as given in charge by the Court, who is a sworn witness to the Jury as to what the law is."

We find no error in the charge as given. The assignment is overruled.

■■■ Defendant next contends the court erred in refusing Special Request II which is as follows:

"The Court charges you further that if a witness is available and that witness is expected to testify in favor of a party and the witness is not called to testify there is a presumption that his testimony would be against the contention of the party expected to call him."

The defendant contends that the State should have presented Mrs. Brewer, the baby sitter. In the record there is shown defendant asked for a witness subpoena for this witness. It appears she was under the care of a physician suffering with the flu and therefore unable to attend. Also the boyfriend of the victim and the 80-odd number of girls attending the slumber party were not called and should have been offered, according to the contention of defendant. It appears from the record none of the witnesses were there when the victim was accosted and none could have testified to anything other than cumulative facts. There further is no showing that these witnesses were not equally available to the defense. In Wharton's Criminal Evidence, Vol. 1, page 268, the following language is pertinent:

"The failure to call a witness who could testify to *material facts* will give rise to adverse presumptions or inferences that the testimony of such person would be unfavorable to the party who has not called him if the witness is available to the party against whom the presumption will operate but is not available to the adverse party." (emphasis added)

The assignment is overruled.

Defendant contends the court should have charged on drunkenness, impotency and alibi. The record reflects defendant's theory and defense of the case was mistaken identity. The court charged to the jury the law applicable to identity. The evidence did not raise the issue of drunkenness. The attempt with the intent was clearly proven in this record. The failure of the defendant to maintain an erection prevented the crime from being consummated, which would have been

rape. We fail to perceive any error in the court not charging, as defendant feels he should have. We evaluate all of the assignments of error pertaining to the charge of the court in this light. Unless they are fundamental and are raised by the issues, the court will not be in error in the absence of request as required by T.C.A., Section 40-2517. Fonte v. State, 373 S.W.2d 445; Carter v. State, Tenn. Cr. App., 435 S.W.2d 134, 135. There is nothing in this record indicating defendant was impotent. He denied the assault. The defendant maintained the victim was mistaken as to her identification of him as the perpetrator of the crime. The issue of alibi was not raised by the evidence, other than defendant stating, "I imagine I was home in bed." The assignments are overruled.

 Defendant further contends the trial judge improperly instructed the jury with respect to intent. The court charged:

"If you find from the evidence beyond a reasonable doubt that the defendant did commit an assault and battery upon Cynthia Ann Bray, and intended an attempt to have carnal knowledge of her * * *"

The complained portion as contended by the defendant was "intended an attempt" to have an unlawful carnal knowledge, as differing from "an intent to commit" unlawful carnal knowledge. Defendant contends this then misled the jury, as intending an attempt to commit as opposed to an intent to commit as charged in the statute.

The court further charged "Any person guilty of committing an assault and battery upon any female of the age 12 or upwards, with the intent to forcibly and against

her will * * *" and was proper in accordance with the statute.

Further, the court charged "* * * that the defendant assaulted Cynthia Ann Bray but not with intent to commit rape * * *" which was proper in accordance with assault and battery.

Further, the court charged "* * * the defendant did commit the offense of an assault and battery upon Cynthia Ann Bray, with intent to have unlawful carnal knowledge of her * * *" This was also proper in accordance with the statute. We feel, in view of the charge given, the jury was not misled by these instructions as to the necessary ingredient "intent," and the phrase properly conveyed the law applicable. The assignment is overruled.

Defendant further contends that the court erred in stating only a portion of the theory of the defendant in the charge. He concludes that from the charge given the jury could infer that defendant was conceding a crime had been committed. A review of the charge reflects the court properly charged, "* * * provided, of course, that you find an offense has been committed." Defendant also emphasized the court's charge as to the theory of mistaken identity, stressing inferences a jury could have drawn from the charge. With these contentions, after reviewing the portions complained of, we do not agree. Moreover, other than the two discussed special requests defendant did not request additional instructions as aforementioned and required by T.C.A., Section 40-2517; Carter v. State, Tenn. Cr. App., 435 S.W.2d 134; and Rule 14(5) of the Tennessee Supreme Court, duly

adopted as a rule of this court. The assignment is overruled.

■ From the record the court did not err in allowing the corroborative proof given by the mother and father to be admitted, in view of the fact that they first learned of the incident when they were in Memphis and immediately returned home to the victim. This assignment is overruled.

■ The defendant further contends the court erred in not declaring a mistrial because of the inflammatory argument of counsel for the State. We have reviewed the argument. The general test to be applied is whether the argument could have affected the verdict to the prejudice of the defendant. Harrington v. State, 215 Tenn. 338, 385 S.W.2d 758. We do not feel that it did in this record. The assignment is overruled.

All assignments being overruled the judgment of the trial court is affirmed.

RUSSELL and MITCHELL, JJ., concur.