George Leslie TAYLOR, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Feb. 8, 1979.

Certiorari Denied by Supreme Court May 29, 1979.

Brett B. Stein and Phillip E. Kuhn, Memphis, for appellant.

Brooks McLemore, Jr., Atty. Gen., Richard S. Maxwell, Asst. Atty. Gen., Nashville, Kenneth R. Roach, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

DAUGHTREY, Judge.

The defendant-appellant, George Leslie Taylor, was convicted of rape and sentenced to twelve years imprisonment. On appeal, he challenges the validity of this conviction, alleging that the trial judge (1) violated his rights under the double jeopardy clause and (2) committed certain errors in his instructions to the jury, and (3) that the prosecutor made an improper comment on the defendant's failure to testify at trial. We find no reversible error and, accordingly, we affirm the judgment below.

The defendant first raised the double jeopardy question by motion to dismiss, in which he alleged that the same trial judge who presided in this case had acted precipitously at the defendant's previous trial on this charge, by recalling the jury after only three to three and one-half hours deliberation and improperly forcing a mistrial. In fact, the record fails to sustain any such improper behavior on the part of the trial judge; on the contrary, it tends to show that the original jurors themselves initiated communication with the trial judge and subsequently informed him in open court that they were hopelessly deadlocked. Only after satisfying himself of this fact did the judge declare a mistrial, and properly so. We find no double jeopardy violation and no error in the trial court's failure to dismiss the indictment.

Nor do we find any error in the jury instructions in this case. The defendant first complains of the trial court's charge on "fresh complaint." Although this specific instruction was disapproved in *Albert Phillips v. State of Tennessee,* Court of Criminal Appeals, January 24, 1978, it is not so serious a misstatement of law as to require reversal. See generally *Conboy v. State,* 2 Tenn.Cr.App. 535, 455 S.W.2d 605 (1970); Tennessee Pattern Jury Instructions, T.P.I.—Crim. 25.01—Rape. The otherwise proper instruction to the jury to consider "all the evidence adduced by the State and by the defendant" is not rendered improper by the defendant's failure to offer proof, nor is the instruction concerning the weight to be given to an oral statement by the defendant, if any, erroneous merely because no such statement was proven. *Bush v. State,* 530 S.W.2d 95 (Tenn.Cr.App.1975). The jury was properly charged on identification, even though it was not disputed by the defense, because this is one of the elements which the State must prove beyond a reasonable doubt. Finally, the assignment of error related to the jury charge on T.C.A. § 40–2027 must be summarily overruled, there being no such instruction in the record.

The defendant's last complaint, largely unbriefed, concerns an unspecified statement by the prosecutor in his closing argument which is alleged to have constituted an improper comment on the defendant's failure to testify. Although it is not clear from a reading of the brief, apparently this assignment stems from the prosecutor's observation that "[t]here's only three people that know what happened in this room . . . [and the victim] told you what happened in that room." There was no objection to this statement at the time it was made. For this reason, there can be no error in the trial court's subsequent denial of the defendant's motion for a mistrial, *Rye v. State,* 532 S.W.2d 941, 942–43 (Tenn. Cr.App.1975), unless the comment constitutes plain error. We hold that it does not. The prosecutor made no direct allusion to the defendant's failure to testify, nor did he argue to the jury directly or indirectly that the omission to testify should be taken by them as an inference of guilt. Such an argument, if made, clearly would have been improper under Tennessee law, T.C.A. § 40–2403, and under the Fifth Amendment to the federal constitution, *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). We take the single statement at issue here to be more closely analogous to an argument by the prosecution that the State's proof is unrefuted or uncontradicted, which has been upheld under Tennessee law as not constituting all improper comment on the defendant's failure to testify. *Holder v. State,* 490 S.W.2d 170, 173 (Tenn.Cr.App.1972); *Schweizer v. State,* 217 Tenn. 569, 399 S.W.2d 743, 748 (1966). The United States Supreme Court has never ruled to the contrary as a matter of federal constitutional law. *Lockett v. Ohio,* 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). *See generally* 14 A.L.R.3d 723, 24 A.L.R.3d 1093. Furthermore, the trial judge dissipated any prejudicial effect which might have emanated from the comment in question when he charged the jury that the defendant was "not required to take the witness stand in his own behalf, and his failure to do so cannot be considered for any purpose against him, nor can any

inference be drawn . · . . " therefrom. *Squires v. State,* 525 S.W.2d 686, 694 (Tenn. Cr.App.1975).

■ The only defense interposed below consisted of a strenuous attack upon the credibility of the complaining witness, who was the rape victim in this case. Following defense efforts at impeachment during cross-examination, her credibility was vigorously assailed by defense counsel in closing argument. Under these circumstances, the prosecution's comment was no more than a "fair rejoinder . . . invited by the defense . . . [and if] some juror was thus reminded that the defendant had not testified, the court's subsequent instruction concerning the jury's duty to disregard the failure of the accused to testify minimized the risk of inferring guilt from such failure." *United States v. Heithaus,* 377 F.2d 484, 486 (3rd Cir. 1967).

Nevertheless, we take this occasion to echo the highly pertinent words of warning issued by the New Jersey Supreme Court in a somewhat similar case:

> We deal with the question primarily to caution against comments by prosecutors in opening and closing which may adversely affect an accused's Fifth Amendment rights. At the present time the area is an extremely sensitive one. . . Remarks which skirt the edges of impermissible comment are neither desirable nor worth the risk of reversal of what may well be a thoroughly deserved conviction. Caution is desirable until the constitutional boundaries of permissible comment on the state of the evidence when the accused does not testify are thoroughly established. In the meantime the sensible course is to assume that jurors can see as well as hear, and do not have to be told when evidence is uncontradicted.

*State v. Dent,* 51 N.J. 428, 241 A.2d 833, 840–41 (1968) (citations omitted).

The assignments of error are overruled and, accordingly, the judgment is affirmed.

O'BRIEN and BYERS, JJ., concur.

O'BRIEN, Judge, concurring.

I concur fully with the majority opinion in this case particularly in view of the fact that defendant submitted no argument to support his assignment of error charging the trial judge with error in instructing the jury as to fresh complaint. In that regard the trial judge instructed the jury as follows:

> "If complaint is made soon after the alleged act it tends to strengthen the testimony of the prosecutrix. If no complaint is made, or a long time elapses between the alleged act and her complaint, it tends to weaken her testimony."

In *Phillips v. State,* (Tenn.Cr.App. 1/24/78), cert. denied, 5/1/78, cited by defendant, complaint was made re the exact same jury instruction. This court stated the law on the subject and, citing authority, went on to say the following in reference to the objected to jury instruction:

> "It is the law of this State that evidence of complaint or lack thereof in a case of rape may be considered by the jury in weighing the truth or falsity of a victim's testimony. *Conboy v. State,* 2 Tenn.Cr. App. 535, 455 S.W.2d 605, (1970)."

There is no authority for the instructions delivered by the trial judge, not among the cases cited by the State, nor, among the numerous cases we have examined in our own research. It would be better for the trial judge to instruct the jury that they may consider the complaint, or lack thereof, in weighing the credibility of a victim rather than specifically stating that it tends to strengthen or tends to weaken the testimony of the witness. The sufficiency of the evidence is not contested and it is plain that the charge delivered did not affect the verdict of the jury, or the results of the trial. I would strongly recommend to trial judges the options included at footnotes 14 and 15 to Tennessee Pattern Jury Instructions, Criminal, (1978), Number 25.01, Rape, in cases of this nature.