STATE of Tennessee, Appellee,

v.

John Edward BROWN, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

Sept. 24, 1993.

Jeffrey A. DeVasher, Sr. Asst. Public Defender (on appeal), Ross Alderman, Deputy Public Defender, Laura Dykes, Asst. Public Defender (at trial), Nashville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Christina S. Shevalier, Asst. Atty. Gen., Nashville, Lila Statom, Asst. Dist. Atty. Gen., Patty Ramsey, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

DWYER, Judge.

Before the Court is John Edward Brown who appeals as a matter of right pursuant to Rule 3(b), Tenn.R.App.P., from the judgment of the Davidson County Criminal Court finding him guilty of rape. Appellant was sentenced to serve eight years in the Department of Correction as a Range I offender. Five issues are presented for appellate review, including a challenge to the sufficiency of the convicting evidence.

The convicting evidence was predicated almost entirely upon the testimony of the victim who, at the time of the offense on January 3, 1989, was 13 years old. She alleged, more than one year following, that her father raped her while at home alone in the early afternoon on the date of her grandfather's wedding.

According to the prosecutrix, she told her best friend, Jennifer Hobbs, about the incident two months later. The testimony of the witness, however, suggests that this conversation took place some 11 months following the indictment offense. The proof reveals that Ms. Hobbs soon thereafter told the victim's brother which ultimately led to a complaint being filed with the Department of Human Services on or about February 15, 1990.

Approximately two weeks following the report to DHS, the prosecutrix recanted her allegation indicating that she lied because she did not think her father loved her anymore. When the appellant returned home, the prosecutrix apologized to him and stated that she did not think he loved her anymore and that everyone was going to hate her for lying.

The next day, Ms. Tracy Walker of the DHS went to the victim's school to discuss why she recanted. At that time, she again reversed herself telling Ms. Walker that she had been raped by her father.

ISSUE I. Whether the trial court properly admitted the testimony of Jennifer Hobbs regarding the disclosure of the rape by the victim as "fresh complaint" evidence.

The appellant contends that the trial court improperly admitted the testimony of Jennifer Hobbs regarding the disclosure of the rape by the victim as "fresh complaint" evidence. Specifically, the appellant contends that the length of time between the incident and the disclosure was too long and that the "delay" was not "satisfactorily explained."

In Tennessee, statements about the particulars of a rape, made by the victim shortly after its occurrence are admissible as confirmation of her credibility, and such statements may be introduced by the testimony of the person to whom the statements were made. *State v. Willis*, 735 S.W.2d 818, 820 (Tenn.Crim.App.1987). Unfortunately,

our courts too often refer to this evidentiary doctrine as the "fresh complaint exception to the hearsay rule."[1] This is, of course, a misnomer. The evidence is not offered "to show the truth of the matters asserted." *McCormick on Evidence*, § 225 at 460 (3rd Ed.1984). It is permitted only as corroboration of the declarant's testimony, a comment upon the victim's credibility.

We find merit in appellant's "fresh complaint" issue of prejudicial proportion. First, we note the contradictions between the time frame of the statements as alleged by the prosecutrix versus that of the witness, Ms. Hobbs. The prosecutrix testified that she told her friend of the incident two months following the indictment offense. The witness's testimony, however, suggests that it was some 11 months later, around Christmas of the following year.

Moreover, we agree with the appellant that there exists in the record no satisfactory explanation for the victim's delay in reporting the offense. Although the then 13–year–old testified that her father stated he "would do something" to the victim and her mother, her testimony does not adequately explore the threat or suggest a severity so as to explain the delayed reporting. More importantly, it is clear from the record that the statement indeed occurred some 11 months following the offense and was, in such quarters, stale within the meaning of fresh complaint. *See State v. Willis,* 735 S.W.2d 818 (Tenn.Crim.App.1987). Finally, under the circumstances as reflected in the record, we are not of the opinion that the statement of the prosecutrix to her friend meets the indicia of fresh complaint. For all the foregoing reasons, this Court is of the opinion that the statement of the prosecutrix to her young friend was not fresh complaint and was therefore inadmissible.

ISSUE II. Whether the trial court properly determined what constituted "Jencks" material within Tracy Walker's report and appropriately ordered that the State pro-

vide the appellant with a redacted version of the report.

■ The appellant also contends that the trial court interpreted the definition of "Jencks" material too narrowly and thus may have ordered the State to provide the defense with a smaller portion of DHS Investigator Tracy Walker's report than it was actually entitled to.

Tennessee's version of the Jencks Act appears at Tenn.R.Crim.P. 26.2. This rule provides, in part, that:

(a) Motion for Production.—After a witness other than the defendant has testified on direct examination, the trial court, on motion of a party who did not call the witness, shall order the attorney for the [S]tate or the defendant and his attorney ... to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter concerning which the witness has testified.

(c) Production of Excised Statement.—If the other party claims that the statement contains matter that does not relate to the subject matter concerning which the witness has testified, the court shall [inspect it *in camera* and excise portions] of the statement that do not relate to the subject matter concerning which the witness had testified, and shall order that the [excised] statement ... be delivered to the moving party....

(g) Definition.—As used in this rule, a 'statement' of a witness means:

(1) A written statement made by the witness that is signed or otherwise adopted or approved by him; or

(2) A substantially verbatim recital of an oral statement *made by the witness* that is recorded contemporaneously with the making of the oral statement and that is contained in a ... transcription thereof.

Tenn.R.Crim.P. 26.2(a), (c), (g)(1), and (g)(2) (emphasis added).

---

1. For example, in *Conboy v. State,* 2 Tenn.Crim. App. 535, 455 S.W.2d 605, 609 (1970); *State v. Myers,* 764 S.W.2d 214 (1988); *Pennington v. State,* 573 S.W.2d 755 (Tenn.Crim.App.1978); a number of unreported decisions of this Court continue to make reference to the fresh complaint as an exception to the rule against hearsay; none, however, permit the declaration as substantive evidence.

Here, under the holding of *State v. Robinson*, 618 S.W.2d 754 (Tenn.Crim.App.1981), the appellant is clearly entitled to that portion of Ms. Walker's report which pertains to her actions in investigating this case. We find, after a review of the *in camera* material contained in the record, that the trial court's interpretation of the "Jencks" material was not completely consistent with this Court's ruling in *Robinson.* Accordingly, we hold that the appellant is entitled to all materials contained in Ms. Walker's report which pertain to statements of those interviewed which are substantially verbatim or summarized and otherwise meet the requirements enunciated in *Robinson.*

ISSUE III. Whether the testimony of Carolyn Brown regarding the numerous telephone calls by the appellant and several instances of the appellant following her, in addition to the incident where he discharged a firearm in their residence, all occurring after the rape, was properly admitted by the trial court.

■ The appellant contends that the trial court improperly admitted the testimony of Carolyn Brown, the victim's mother and ex-wife of the appellant, regarding numerous telephone calls made to her by the appellant and several instances of him following her on the way to work. He also contends that the trial court erred by admitting the testimony of Ms. Brown concerning an incident the day following the victim's rape allegation during which the appellant threatened to shoot her and then discharged a firearm into a cedar chest in their residence.

We find that the above testimony regarding incidents which occurred more than a year following the alleged indictment offense were improperly admitted. We find such testimony to be irrelevant to the question of whether or not the appellant is guilty of the indictment offense. Additionally, we note that the trial court failed to articulate the basis for his conclusion that this testimony was admissible. Moreover, we hold that any probative value of this testimony was substantially outweighed by its prejudicial nature. *See* Tenn.R.Evid. 403.

■ As to the appellant's sufficiency of the evidence issue, we generally agree with the State that the recantation of the prosecutrix goes to the weight of the evidence, rather than to its sufficiency. In anticipation that the State may choose to retry the appellant, *sua sponte*, we note the rule that contradictory statements of a witness in connection with the same fact cancel each other out. *Taylor v. Nashville Banner Publishing Co.*, 573 S.W.2d 476 (Tenn.Ct.App.1978). Although this is an opinion of our sister Court of Appeals, we note its possible application here.

As a final caveat, we note, as does the State, that in order to avoid an *ex post facto* violation, the appellant should have been sentenced under the Sentencing Reform Act of 1982. It should be noted that T.C.A. § 40–35–114(15) was not part of the Sentencing Reform Act of 1982 and therefore would not be applicable here. We are also of the opinion that § 40–35–114(4) is applicable in such quarters only where the proof demonstrates the victim to be *particularly* vulnerable because of age. *State v. Lambert,* 741 S.W.2d 127, 134 (Tenn.Crim.App.1987); *State v. Salazar,* No. 02C01–9105–CR–00098, 1992 WL 4785 (Tenn.Crim.App., Jackson, January 15, 1992); *State v. Scott,* 735 S.W.2d 825, 830 (Tenn.Crim.App.1987); *State v. Burch,* No. 130, 1990 WL 192687 (Tenn.Crim.App., Knoxville, December 6, 1990). Here, the record does not support such a finding.

Because of the preceding trial errors, the conviction here is set aside with remand for retrial.

JONES, J., and L.T. LAFFERTY, Special Judge, concur.