IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JULY 1997 SESSION

FILED

July 18, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | C.C.A. No. 02C01-9608-CC-00269 |
| | ) | |
| Appellee, | ) | LAUDERDALE COUNTY |
| | ) | |
| VS. | ) | **HON. JOSEPH H. WALKER, JUDGE** |
| | ) | |
| **JOE L. PATRICK, SR.**, | ) | (Aggravated Sexual Battery) |
| | ) | |
| Appellant. | ) | |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**THOMAS T. WOODALL(appeal only)**        **JOHN KNOX WALKUP**
203 Murrell Street                    Attorney General and Reporter
P. O. Box 1075
Dickson, TN 37056-1075                **ELLEN H. POLLACK**
                                      Assistant Attorney General
                                      450 James Robertson Parkway
**GARY ANTRICAN**                         Nashville, TN 37243-0493
District Public Defender

**C. MICHAEL ROBBINS**                    **ELIZABETH T. RICE**
**(at trial and of counsel on appeal)**   District Attorney General
Assistant Public Defender             302 Market Street
118 East Market Street                P. O. Box 302
P. O. Box 700                         Somerville, TN 38068-0302
Somerville, TN 38068-0700


**OPINION FILED: _____**


**AFFIRMED**


**JOE G. RILEY,**
**JUDGE**

**O P I N I O N**

Defendant, Joe L. Patrick, Sr., was convicted by a jury in the Lauderdale County Circuit Court of the offense of aggravated sexual battery and sentenced to eight (8) years in the Department of Correction. He appeals as of right and presents the following issues for our review:

1. whether the evidence was sufficient to support the conviction;

2. whether the victim was competent to testify about the alleged incident;

3. whether the victim's complaint to her mother was properly admitted; and

4. whether the trial court properly instructed the jury on the defense of intoxication.

We find no error committed by the trial court; therefore, we AFFIRM the judgment.

## FACTS

At the time of this incident in January 1995, the female victim was nine (9) years of age. The defendant was her paternal grandfather. The state's proof indicated that on the date in question the defendant came to the residence of the victim and her family shortly after midnight. The defendant had been drinking, and the victim's parents allowed the defendant to stay in the residence that evening since the defendant had no other place to go.

At approximately 4:00 a.m. the defendant awoke the child victim when he touched her "privacy" and "behind." The victim told him to stop, and the defendant told her not to tell anyone "because I won't do it anymore."

The victim was scared and went to her mother's bedroom and knocked. When her mother asked what was wrong, the victim replied "never mind." The same morning before school the victim told her mother about the sexual assault.

2

The defendant testified in his own defense. He stated he was heavily intoxicated that evening and had very little recollection as to his activities. He, nevertheless, denied that he sexually assaulted the victim.

## SUFFICIENCY OF THE EVIDENCE

Defendant first contends the evidence is insufficient to support the conviction for aggravated sexual battery. In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. Id.; State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). The appellant has the burden of overcoming this presumption of guilt. Id.

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307 (1979); State v. Abrams, 935 S.W.2d 399, 401 (Tenn. 1996). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

Allowing the state the strongest legitimate view of the evidence and all reasonable inferences therefrom, the jury could rationally conclude beyond a reasonable doubt that the defendant had unlawful sexual contact with the victim who was less than thirteen (13) years of age, and the defendant acted intentionally. *See* Tenn. Code Ann. § 39-13-504(a)(4). The jury obviously accredited the testimony of

3

the victim.  The evidence was sufficient to support the verdict.

## COMPETENCY TO TESTIFY

Defendant contends the trial court erred in denying his pre-trial motion to dismiss the indictment based upon the victim's incompetency to testify about the alleged assault.  More specifically, the defendant contends that the victim's testimony at the first trial, which concluded with a deadlocked jury, reveals that the victim did not have sufficient personal knowledge to testify about the alleged assault.  *See* Tenn. R. Evid. 602.  Defendant alleges that the victim's testimony at the first trial indicated her uncertainty as to whether or not this was a dream.

Firstly, we note that the proper method of attacking lack of personal knowledge as set forth in Tenn. R. Evid. 602 is not pursuant to a pre-trial motion to dismiss the indictment.  The indictment is not faulty.

Secondly, our review of the victim's testimony at the first trial and the instant trial does not indicate a lack of personal knowledge under Tenn. R. Evid. 602.  As noted by the trial judge in overruling the motion to dismiss, it was primarily a question for the jury as to whether the offense occurred or whether the victim dreamed the event.  At the instant trial the victim insisted the event occurred and was not a dream.  This issue is without merit.

## HEARSAY STATEMENTS

During the direct examination of the child victim, the prosecutor asked her if she told anybody about this incident the next day after it occurred.  The victim testified that she told her mother.  The victim did not testify as to what, in fact, she did tell her mother.  The state also elicited from the victim's mother during her direct examination that the child reported the incident to her the morning after its occurrence.  Again, there was no testimony as to the details of the complaint.  The trial court instructed the jury that this testimony was to be considered only for corroborative purposes relating to the credibility of the victim. Defendant contends the testimony of the victim and her mother

4

consisted of inadmissible hearsay pursuant to State v. Livingston, 907 S.W.2d 392 (Tenn. 1995).

The Tennessee Supreme Court abolished the fresh complaint doctrine as it applies to child victims. *See* State v. Livingston, 907 S.W.2d at 392. Similarly to adult victims, the fresh complaint doctrine had been used to admit statements made by child victims after sexual abuse as confirmation of their credibility. *See* State v. Brown, 871 S.W.2d 492, 493 (Tenn. Crim. App. 1993). Since juries would not likely make the same presumptions which justify the retention of "fresh complaint" with adult victims, the Court abolished the fresh complaint doctrine entirely and held it did not apply to cases involving child victims of abuse --- sexual or non-sexual. Livingston, 907 S.W.2d at 399. Nevertheless, the Court noted that evidence in the nature of fresh complaint may be admissible as (1) substantive evidence if it satisfies some hearsay exception, and (2) corroborative evidence if it satisfies the prior consistent statement rule. Id. at 395.

Livingston concerned the admissibility of testimony of a third party who testified as to the victim's statements. In the case *sub judice* the defendant first attacks the testimony of the victim herself to the effect that she reported the incident. Firstly, we note that it is questionable whether this testimony was hearsay since it was not introduced to prove the truth of the matter asserted. *See* Tenn. R. Evid. 801(c).

Even if it was hearsay, however, its admission was clearly harmless. During the cross-examination of the victim by defense counsel, it was implied that the victim fabricated this allegation since it was only a dream. Although a prior consistent statement is not admissible on direct examination absent an impeaching attack on that testimony, *see* State v. Meeks, 867 S.W.2d 361, 374 (Tenn. Crim. App. 1993), the testimony clearly would have been admissible on re-direct examination as a prior consistent statement. If the testimony was hearsay and erroneously admitted on direct examination, it was harmless beyond a reasonable doubt.

The testimony of the victim's mother is definitely controlled by Livingston. As noted, however, the child victim's testimony had been subjected to an allegation of fabrication before the mother testified. Her testimony was properly admitted for

5

corroborative purposes as a prior consistent statement, and the trial judge so instructed the jury. State v. Livingston, 907 S.W.2d at 395. This issue is without merit.

## JURY INSTRUCTION ON INTOXICATION

Defendant finally contends the trial court erred in refusing his written request for a jury instruction relating to intoxication. We disagree.

The special request submitted by defense counsel came from T.P.I. - Crim. 40.02 (4th ed. 1995). However, defense counsel omitted various portions of the pattern charge. The trial court gave this pattern charge which included certain language omitted by defense counsel. The jury charge as given by the trial judge was correct in all respects. This issue is without merit.

The judgment of the trial court is AFFIRMED.

_____
_____JOE G. RILEY, JUDGE

CONCUR:

_____
JOE B. JONES, PRESIDING JUDGE

_____
DAVID H. WELLES, JUDGE