**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT NASHVILLE**
**FEBRUARY SESSION, 1999**

**FILED**

**March 17, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **TOM HARRIS,** | ) | |
| | ) | No. 01C01-9709-CR-00423 |
| **Appellant** | ) | |
| | ) | **DAVIDSON COUNTY** |
| **vs.** | ) | |
| | ) | **Hon. J. Randall Wyatt, Jr., Judge** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | **(Post-Conviction)** |
| **Appellee** | ) | |

For the Appellant:

**Thomas F. Bloom**
Attorney at Law
500 Church Street, 5th Fl
Nashville, TN  37219

(ON APPEAL)


**William C. Roberts, Jr.**
Attorney at Law
Suite 2121, Parkway Towers
Nashville, TN  37219

(AT TRIAL)

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Kim R. Helper**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493


**Victor S. (Torry) Johnson III**
District Attorney General

**Diane S. Lance**
Asst. District Attorney General
Washington Square, STE 500
222 2nd Avenue North
Nashville, TN  37219


OPINION FILED: _____

AFFIRMED


**David G. Hayes**
Judge

## OPINION

The appellant, Tom Harris, appeals the dismissal of his petition for post-conviction relief by the Davidson County Criminal Court. The post-conviction court dismissed the petition finding that the claims alleged were barred by the statute of limitations, and, otherwise, without merit.

After review, we affirm.

## Background

In October 1986, the appellant was convicted of one count of aggravated sexual battery and one count of aggravated rape.[1] The appellant's convictions and sentences were affirmed by this court in June 1988. See State v. Harris, No. 86-273-III (Tenn. Crim. App. at Nashville, Jan. 20, 1988), *reh'g granted*, (Tenn. Crim. App. at Nashville, Mar. 11, 1988), *aff'd as modified on reh'g*, (Tenn. Crim. App. at Nashville, June 23, 1988), perm. to appeal denied, (Tenn. Nov. 7, 1988). On March 20, 1996, the appellant filed a *pro se* petition[2] for post-conviction relief alleging that, (1) in light of our supreme court's decision in State v. Livingston, 907 S.W.2d 392 (Tenn. 1995), his conviction was improperly based upon inadmissible fresh complaint hearsay, and (2) that the reasonable doubt instruction tendered to the jury was unconstitutionally infirm under Rickman v. Dutton, 864 F. Supp. 686 (M.D. Tenn. 1994). The trial court summarily dismissed the petition, holding that it was barred by the applicable statute of limitations and that the issues raised in the petition were without merit.

---

[1]The appellant's convictions arise from various incidents of sexual abuse against the appellant's three and one-half year old daughter. The appellant received an effective sentence of twenty-five years for these convictions.

[2]The record reflects that the post-conviction court appointed counsel on June 22, 1996. No amended post-conviction petition was filed, thus, only those issues as presented in the *pro se* petition were considered by the court. Following the court's dismissal of the petition, counsel was subsequently held in contempt by this court and substitute counsel was appointed for purposes of this appeal.

There is no dispute that the appellant's March 1996 petition was filed outside the three year statute of limitations period applicable to the appellant's 1986 conviction. See § 40-30-102 (*repealed* 1995). Nonetheless, the appellant asserts that he is entitled to post-conviction relief under Tenn. Code Ann. § 40-30-202(b)(1) (1996 Supp.). Tenn. Code Ann. §40-30-202(b)(1) provides that a petition for post-conviction relief may be filed beyond the statute of limitations if the petition presents grounds based on a constitutional right established by the courts after expiration of the relevant limitations period and the newly established constitutional right requires retroactive application. See also Burford v. State, 845 S.W.2d 204 (Tenn. 1992). Notwithstanding this exception, any such petition falling under (b)(1) must be filed within one year of the court ruling establishing the new constitutional right. See Tenn. Code Ann. § 40-35-202(b)(1).

**Analysis**

Initially, we note that the appellant concedes that the Tennessee Supreme Court has upheld the constitutionality of the "moral certainty" language contained in the reasonable doubt instruction. See State v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994), cert. denied, 513 U.S. 1114, 115 S.Ct. 909 (1995); see also Pettyjohn v. State, 885 S.W.2d 364, 365-66 (Tenn. Crim. App. 1994). Although we recognize the appellant's interest in preserving his right to later assert such a claim in future litigation, his challenge to the reasonable doubt jury instruction does not constitute an exception under Tenn. Code Ann. § 40-30-202(b)(1), as neither Rickman v. Dutton, 864 F. Supp. at 686, nor its predecessors created a new constitutional rule of law that would justify the tolling of the statute of limitations. See Wright v. State, No. 01C01-9506-CR-00211 (Tenn. Crim. App. at Nashville, Mar. 20, 1997), *aff'd by*, No. 01S01-9709-CR-00196 (Tenn. Feb. 1, 1999). See, e.g., Gentry v. State, No. 01C01-9704-CR-00119 (Tenn. Crim. App. at Nashville, Feb. 23, 1998); Miller v. State, No. 01C01-9606-CC-00239 (Tenn. Crim. App. at Nashville, Oct. 24, 1997),

3

perm. to appeal denied, (Tenn. Apr. 20, 1998). Although a jury instruction similar to the one given in the present case was found to be unconstitutional in Rickman v. Dutton, 864 F. Supp. at 709-10 and again in Austin v. Bell, 938 F. Supp. 1308, 1318-19 (M.D. Tenn. 1996), *aff'd in part, rev'd in part*, 126 F.3d 843 (6th Cir. 1997),[3] this court is not bound by the decisions of the federal district court with regard to the constitutionality of the reasonable doubt instruction. We are only required to follow the applicable constitutional rulings of the United States Supreme Court. See State v. McKay, 680 S.W.2d 447, 450 (Tenn. 1984), cert. denied, 470 U.S. 1034, 105 S.Ct. 1412 (1985); State v. Bowers, 673 S.W.2d 887, 889 (Tenn. Crim. App. 1984). This claim is without merit.

In his next assignment of error, the appellant asserts that State v. Livingston created a new constitutional rule of law that requires retroactive application, therefore, entitling him to review of his post-conviction petition. Specifically, the appellant contends that the trial court admitted "substantial amounts of fresh complaint testimony" in violation of State v. Livingston.

A new rule of constitutional law exists "when it breaks new ground or imposes a new obligation on the States or the Federal Government. . . . To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. 288, 301, 109 S.Ct. 1060, 1070 (1989) (emphasis in original); Meadows v. State, 849 S.W.2d 748, 751 (Tenn. 1993).

At the time of the appellant's trial, the fresh complaint doctrine was viable. Under this doctrine, Tennessee law permitted both the facts and details of the complaint to be admitted during the State's case-in-chief. See State v. Kendricks,

---

[3]We note that in Austin v. Bell, the Sixth Circuit reversed the district court's holding with regard to the constitutionality of the reasonable doubt instruction.

4

891 S.W.2d 597, 603 (Tenn. 1994); Phillips v. State, 28 Tenn. (1 Hum.) 346 (1848). Thus, statements made by child victims of sexual abuse were admissible as confirmation of their credibility. See Clem v. State, No. 01C01-9612-CC-00519 (Tenn. Crim. App. at Nashville, Nov. 17, 1997), perm. to appeal denied, (Tenn. May 11, 1998) (citing State v. Brown, 871 S.W.2d 492, 493 (Tenn. Crim. App. 1993)). In Kendricks, 891 S.W.2d at 603, our supreme court modified the principles governing the use of fresh complaint evidence in cases where an adult is the victim of a sexual crime. See Wilson v. State, No. 03C01-9611-CR-00409 (Tenn. Crim. App. at Knoxville, Oct. 30, 1997). Indeed, after Kendricks, no longer would details of the incident be permitted to be introduced at trial before the victim's credibility was attacked. Kendricks, 891 S.W.2d at 603. This holding, however, did not affect the admissibility of the fact of the complaint. Id. One year after its decision in Kendricks, the supreme court abolished the fresh complaint doctrine, in its entirety, in cases involving child victims.[4] See Livingston, 907 S.W.2d at 395.

Prior panels of this court have held that neither Kendricks nor Livingston established a new constitutional rule of law. See Watts v. State, No. 01C01-9711-CC-00533 (Tenn. Crim. App. at Nashville, Dec. 9 ,1998) (Livingston does not create new rule constitutional law); Wilson, No. 03C01-9611-CR-00409 (Kendricks does not create new rule constitutional law). Rather, both Kendricks and Livingston merely modify existing evidentiary principles governing fresh complaint testimony. See Watts, No. 01C01-9711-CC-00533; Wilson, No. 03C01-9611-CR-00409. We can find no logical reason to differ from the previous holdings of this court. Accordingly, we conclude that State v. Livingston did not announce a new rule of constitutional law which would entitle the appellant to post-conviction review of his allegations.

---

[4]The court recognized, however, that fresh complaint evidence may be admissible under certain hearsay exceptions. Livingston, 907 S.W.2d at 395.

For the reasons set forth above, we conclude that the post-conviction court properly dismissed the appellant's petition for post-conviction relief as time-barred as neither argument upon which the appellant relies establishes an exception to the three year statute of limitations period.  The judgment of the trial court is affirmed.


_____
DAVID G. HAYES, Judge


CONCUR:


_____
JAMES CURWOOD WITT, JR., Judge


_____
JOHN EVERETT WILLIAMS, Judge